May Term, 1859.

FREAR
v.
BRYAN.

---

## FREAR and Another *v.* BRYAN and Others.

Suit by the assignees on a promissory note. Answer, 1. A set-off against the maker, before notice of assignment. 2. Payment to him before such notice. Afterwards, a third paragraph was filed, to the effect that, at the time the defendants delivered the goods and paid the notes, as in the two former paragraphs set forth, the maker was the owner of the note, and promised to deliver it to the defendants, but failed to do so, and fraudulently assigned it to the plaintiffs, without their knowledge, and without consideration; but that the legal interest in the note was, at the time of such delivery, &c., in the defendants, and that the plaintiffs never had legal title thereto. Prayer, that the maker be made a party.

*Held*, 1. That the third paragraph was bad either as an answer, or as a petition for a new party, if one could be presented.

2. That it was but a repetition of an answer already in, and, therefore, issue upon it was not necessary.

3. That as no reason appeared for making the proposed new party, he was a competent witness.

A party should not be joined as a co-plaintiff who has not, as the pleadings stand, any unity of interest with those already plaintiffs; nor should such a new party be made merely for the purpose of settling matters between him and the defendant, in which the original plaintiffs have no interest.

APPEAL from the *Tippecanoe* Court of Common Pleas.

HANNA, J.—This was an action by *Frear* and *Arbuckle*, on a note executed by *Bryan* and *Bryan* to one *Timmons*, and by him assigned to the plaintiffs.

The answer was—

1. A set-off held against *Timmons* before notice of the assignment.

2. Payment to *Timmons* before notice, &c.

Wednesday, June 1.

After several terms, they filed what they called a third paragraph, to the effect that, at the time the defendants delivered the goods and paid the note, as in the two former paragraphs set forth, said *Timmons* was the owner of the said note, and promised to deliver it to defendants, but failed so to do, and fraudulently assigned it to plaintiffs without their knowledge, and without consideration; but that the legal interest in said note, at the time of the delivery of said goods, vested in the defendants, and that said plaintiff had not, at any time, the legal title to said note.

Prayer, that said *Timmons* be made a party.

There was a denial to the first and second paragraphs of the answer. A demurrer to the third paragraph was overruled, and the ruling excepted to. Upon motion of defendants, the Court ordered *Timmons* to be made a party-plaintiff, and that he reply to said third paragraph. This he failed to do. The record does not show that he had notice of the order of the Court making him a party. No reply was filed by *Frear* and *Arbuckle*, to this third paragraph.

There was a jury trial; verdict and judgment for defendants. ?

Upon the trial, the plaintiffs offered *Timmons* as a witness to prove, among other things, that he had assigned and delivered the note sued on to the plaintiffs, in part payment of a prior debt, and that he notified the defendants thereof, before he created the debt to defendants for goods, as set up in the pleadings and mentioned in evidence, &c.

Objection was made by the defendants, and he was not permitted to testify, &c.

It is said by the appellants, that two errors were committed by the Court.

1. In ordering *Timmons* to be made a co-plaintiff.

2. In excluding his testimony.

As to the third paragraph, the appellant assumes that it is a petition to the Court to make a new party, and not an answer. Without stopping to inquire whether the third paragraph was strictly an answer or not, it is manifest to

us that the demurrer should have been sustained to it, for the reason that it does not contain matter sufficient to make it either a good answer or a petition, if such could be presented, for the purpose prayed. *Conklin* v. *Bowman*, 11 Ind. R. 255. It could be considered, at most, but a repetition of an answer already in; and the failure to take issue upon it, therefore, worked no injury, as an issue was already formed under which the same evidence could be given as might have been offered under a denial of that paragraph.

As there was no sufficient reason shown for an order making *Timmons* a party to the record, he stood, as any other assignee of a promissory note, a competent witness, and the refusal to permit him to be introduced as such, was, therefore, error.

Upon the trial, if the proof had under the proper issues, disclosed that the plaintiffs were not the real parties in interest, they would have failed to maintain their suit (*Garrison* v. *Clark*, 11 Ind. R. 369); and we do not think that, in this case, an order ought to have been made directing a party to be joined as co-plaintiff, who had not, as far as the pleadings disclosed, any unity of interest with those who were already plaintiffs. Whether a case might arise where such an order ought to be made as to one not having a unity of interest, we do not decide. 2 R. S. pp. 30, 31. And surely a new party should not be made merely for the purpose of settling matters between that new party and the defendant, in which the original plaintiffs had no interest. 11 Ind. R. 255.—2 R. S. p. 41, § 63.

If the defendants had either paid the note or held a just offset against it, before notice of its assignment, he could, under the statute, as well avail himself of those defenses against the note in the hands of the assignee, as in the hands of the assignor.

The only plausible reason we can see for offering to make the assignor a party, was to place him in a position that, possibly, he might not be a competent witness.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, &c.

*H. W. Chase* and *J. A. Wilstach*, for the appellants.

*W. C. Wilson* and *G. Gardner*, for the appellees.