Fischer *v.* Holmes.

No. 14,234.

### FISCHER *v.* HOLMES.

PRACTICE.—*Sale of Real Estate.—Action to Recover Commission.—Additional Parties.—Motion to Make.—Proper Overruling of.*—In an action to recover a commission on the sale of real estate it was not error for the court to overrule the motion of the defendant, supported by affidavit, to make certain persons parties to the action, on the ground that said persons were each claiming that they had made a sale of the property mentioned in the complaint as the agent of the defendant, and were claiming a commission for such sale. The controversy between said persons and the defendant could not in any way affect the right of the plaintiff to recover, if the defendant, as alleged in the complaint, had employed him to sell the real estate at an agreed per cent., and he had, in fact, made the sale. Section 272, R. S. 1881, does not apply to such a case.

JUDGMENT.—*Recovery of Less Amount.— Who Can Not Complain of.*—A defendant can not complain that the plaintiff recovered judgment for a less amount than he was entitled to, if entitled to anything. If an error was committed, the error was not prejudicial to the defendant.

From the Vigo Superior Court.

*W. W. Rumsey*, for appellant.

COFFEY, J.—This was a suit by the appellee against the appellant to recover a commission on the sale of real estate. The complaint alleges that the appellant employed the appellee, a real estate broker in the city of Terre Haute, to find a purchaser for the real estate of the appellant at the price of twenty-three hundred dollars, and agreed to pay for such service a commission of three per cent. on that amount; that he did find such purchaser, and that appellant did sell him said property at and for the price of twenty-one hundred dollars.

The appellant appeared to the action, and filed an affidavit to the effect that Thomas H. Riddle and John Vancleave were each claiming that he had sold the property mentioned in the complaint, as the agent of the appellant, and were

each claiming a commission of three per cent. for such sale; that the appellee and the said Riddle and Vancleave were each claiming said commission of three per cent. on account of the sale of said property, and that the commission so claimed by said parties was on account of but one and the same transaction.

On said affidavit the appellant moved the court to make the said Riddle and Vancleave parties defendants to said action, which motion the court overruled, and appellant excepted.

Upon issues formed the cause was tried by a jury, which trial resulted in a verdict and judgment for the appellee in the sum of fifty dollars.

It is contended by the appellant that the verdict of the jury is not supported by the evidence. It is claimed that under the contract declared on, the appellee should have recovered sixty-three dollars or nothing, and as the verdict was for fifty dollars only, it is not supported by the evidence. The evidence is not in the record, and for that reason we are unable to determine what merit, if any, there is in the plaintiff's contention. As the jury found, however, that the appellant and the appellee made the contract set out in the complaint, it would seem that the appellant should not be heard to complain that the jury did not allow the appellee as large a sum as he was entitle to recover. If the jury erred it was in favor of the appellant, and he can not complain that such error injured him.

It is earnestly contended by the appellant that, under the showing made by the affidavit above referred to, the court should have ordered Riddle and Vancleave made parties to the suit, and in support of his contention appellant relies on the provisions of section 272, R. S. 1881.

We do not think the court erred in overruling the motion to make additional parties. The most that can be said of the showing made in the affidavit filed by the appellant is, that each of the three parties named claimed a commission

Fischer *v.* Holmes.

of three per cent. on the price for which the property named in the complaint was sold.    That was a controversy between the appellant and each of the parties claiming a commission. We are unable to perceive any reason why the controversy between the parties to this suit could not be finally determined without the presence of the other two, or without affecting the rights of the other parties.  If the property named in the complaint was not sold by the appellee, but was sold by one of the other parties named, that was a matter of defence of which the appellant could avail himself without the presence of either Riddle or Vancleave as parties to the suit. Nor would the result of this suit affect the claim of either Riddle or Vancleave, as they do not appear to have made any claim under the contract made between the parties to this suit.

Perhaps, if the appellant had admitted the indebtedness set up in the complaint, and had been doubtful as to which of the parties named was entitled to the money he could have interpleaded them and brought the money into court, and could have been relieved from further litigation.  *Ketcham* v. *Brazil, etc., Co.,* 88 Ind. 515.    But this he did not choose to do, but sought to litigate, with three parties instead of one, as to how much, if any, commission he should pay.    The case does not fall within the provisions of section 272, *supra,* and the court, therefore, did not err in overruling the motion of the appellant.

Judgment affirmed.

Filed May 3, 1890.