Reinhard, J.
The Citizens’ National Bank of Greens-burg, Indiana, sued the appellant, Thomas Heaton, and the appellee Lynch or a promissory note for $1,250, interest and attorney’s fee.
Heaton appeared and filed what is termed in the pleading a “cross-complaint,” averring that the note sued on was made for a loan of money by the bank to himself, Benjamin F. Lynch, and one Oliver Deem, and that said parties borrowed said money from said bank for their equal and joint use and benefit, and that they each equally owe and ought to pay the same, share and share alike, but that the name of said Deem is not upon said note as a maker thereof, he not being present at the time.
He prayed that Deem be made a party to the action, for process against him, and that he be required to answer, and for all proper relief.
He further prayed that Lynch be made a party and be required to answer.
Subsequently Heaton filed a second paragraph of pleading which he likewise denominates a “cross-complaint,” setting forth the facts more fully than in the *410 first paragraph, and averring that the money for which the note was given was borrowed by said Heaton, Lynch, and Deem for their joint and equal use and benefit for the payment of certain machinery used by them in partnership in the business of boring and constructing gas and oil wells; that Deem was not present, and did not personally sign said note, the bank being willing to make the loan on the credit of the names of said Heaton and Lynch; that the said three partners did not use any partnership or firm name in the transaction of their partnership business, but used their individual names, etc. There was a prayer that Lynch and Deem “be made defendants to this cross-complaint, and that any judgment hereon and on said note rendered, be rendered equally, share and share alike, against said Heaton, Lynch, and Deem, and for all other proper relief.”
Lynch and Deem filed separate demurrers to each of these pleadings. The demurrers were sustained, and the appellant excepted. These rulings are assigned as errors.
If the first paragraph of this pleading is sufficient to withstand the 'demurrer, it must be good either as an answer, a cross-complaint or a petition to make a new party. In order to be good as an answer, the averments of the pleading must constitute a bar to the matters averred in the complaint. A mere glance at the pleading will disclose that it contains nothing in bar of the action. Indeed, it does not profess to do so. As an answer it is clearly insufficient. Is the paragraph good as a cross-complaint? A pleading filed by one defendant against one or more codefendants, and showing that lie' is entitled to relief against him or them is a cross-complaint. Browning v. Merritt, 61 Ind. 425; Wright v. Anderson, 117 Ind. 349.
When such a pleading is filed by one defendant against *411 one or more codefendants and another who is not a defendant, showing that the cross-complainant is entitled to relief against such parties as to matters not apparent on the face of the complaint, it is necessary that such new party should be made a defendent, and process should issue against him. Swift v. Brumfield, 76 Ind. 472.
Properly speaking, there is no such pleading known to our code as a cross-complaint. If the cross-proceeding be against the plaintiff, and grows out of the matters averred in the complaint as constituting the cause of action, it is a counter-claim. But, notwithstanding the silence of our code upon the subject of cross-complaint, the chancery practice of determining the rights of the parties on each side of a case is clearly recognized by our decisions, and in such cases the rules of pleading, and practice of chancery courts, as modified by the spirit of the code, govern. Fletcher v. Holmes, 25 Ind. 458; Pomeroy Rem., sections 806, 807, 808; Bliss Code Pl., section 390.
Hence, it has become the established practice of our courts that cross-actions may be resorted to between parties on the same side of a case, and the pleading filed in instituting such cross-action is known under our practice as a cross-compiaint. While the mode of procedure is not prescribed by the code, and the chancery practice is proper to be resorted to in such proceedings, the basis of the procedure is nevertheless found in the statute (R. S. 1894, section 577; R. S. 1881, section 568), which provides that the court “may, when the justice of the case requires it, determine the ultimate rights of the parties on each side as between themselves. ” Under this provision, it has been held that the power to determine a controversy between parties on the same side, as between themselves, is a discretionary one, and should not be exercised to the detriment of the opposing *412 party, by delaying his judgment. Manning v. Gasharie, 27 Ind. 399.
While this is the rule as applied to parties already in. court, it is further true that the liberal provisions of our code for making new parties defendant, at the instance of one already a defendant, may not be invoked when the controversy between such defendant and new party is purely between themselves and could not affect the right of the plaintiff to recover. Fischer v. Holmes, 123 Ind. 525; Frear v. Bryan, 12 Ind. 343; Bennett v. Mattingly, 110 Ind. 197.
In the present case, it is quite apparent from the first paragraph of the pleading under consideration, we. think, that there was no unity of interest between the plaintiff and Deem. The latter, according to the averments of this paragraph, was not a party to the contract between the bank and the makers of the note. It is true that it is alleged that the note was made for a loan of money by the bank to Heaton, Lynch and Deem for their equal and joint use and benefit, but it is not shown that Deem was a maker of the note, or ever agreed to pay the same, or was in any way connected with its execution, but it is expressly averred that he was not present and “is not upon said note as a maker thereof. ’ ’ What the arrangement may have been between Heaton, Lynch arid Deem can not affect the bank, unless Deem was in some way a party to the contract with it. It may be true that the loan was made to all three of the parties, and yet if the bank chose to accept the note of two of them, and these were willing to and did execute such note, we are unable to see upon what principle the bank could be compelled to pursue Deem for'any portion of the money for which the note was given. How can Deem be made liable to pay any portion of a note, attorney’s fee and interest included, when it is not shown that he ever executed it, *413 and his name not only does not appear to it, but it is affirmatively shown that he had nothing to do with its execution? He may, indeed, be liable to the makers in a separate action, if it be shown that the money was obtained in part for his benefit, or used in an enterprise in which he was jointly interested with them. But this ■does not concern the plaintiff and is a matter purely between the defendants and Deem. We do not think, therefore, that the court erred in sustaining the demurrer to the paragraph under consideration.
Nor was it sufficient as a petition to make a new party.
By section ,278, R. S. 1894 (R. S. 1881, section 277), it is provided that “when it is necessary'for the defendant to bring a new party before the court, he may state the matter relating thereto in his answer, and demand relief; and thereupon a summons shall issue and other proceedings be had against him as if such matter had been exhibited in the original complaint.”
To make a petition, or “answer,” as it is denominated, sufficient, under this section, two things must appear in its contents: It must be shown that the party sought to be brought in is a necessary party, and there must be a prayer for relief. Conklin v. Bowman, 11 Ind. 254.
As both of these essential elements are absent, the paper, as a petition, is insufficient under the section referred to. Deem was not a necessary party, for he was not a party at all to the contract declared upon.
The appellant insists, however, that Deem should have been made a party under section 273, R. S. 1894 (R. S. 1881, section 272) which provides that when a complete determination of the controversy can not be had without the presence of other parties, the court must •cause them to be joined as proper parties.
It is sufficient to say, in answer to this position, that the controversy in litigation, i. e., the promissory note *414 in suit, could be fully decided upon between the parties to the same without bringing in a stranger to the contract.
The rule already stated, that a new party should not be made jnerely for the purpose of settling matters between him and the defendant or defendants, is fully applicable to this section. Frear v. Bryan, supra; Fischer v. Holmes, supra; Bennett v. Mattingly, supra.
The appéllant has an ample remedy against Deem, after payment of the judgment*, by a suit for contribution. We think the first paragraph of this so called cross-complaint was insufficient for any purpose, and that the court did not err in sustaining a demurrer to it.
As to the second paragraph of this pleading, the record shows that after the sustaining of the demurrer to it, the appellant filed an amended second paragraph, and this (amended) paragraph was left out of the record by order of the appellant. The filing of the amended paragraph took the original out of the record. Elliott’s App. Proced., sections 595, 683.
There is no discussion in appellant’s brief as to the sufficiency of the amended paragraph, but even if there were, it would not avail him, as the pleading is not in the record. It is the duty of an appellant to bring into the record every proceeding and ruling upon which he predicates error, as otherwise the presumption is conclusively in favor of the correctness of the ruling of the trial court. Elliott’s App. Proced., section 195.
lienee, if any error was committed upon this ruling, it is not available.
Lynch filed a cross-complaint against Heaton and the bank, alleging that he was only a surety on the note for Heaton. To this pleading, Heaton filed an answer in two paragraphs, the first being a general denial. In the amended second paragraph he averred that the debt sued *415 on was a partnership transaction between Heaton, Lynch and Deem; that it was given to meet a partnership debt for certain machinery used in boring gas, oil and other wells, and that all three of said alleged partners were equally liable thereon.
There was a prayer “that said Deem, who has been made a defendant in this cause, and has pleaded therein, be ruled to answer said cross-complaint and all the premises, and that any judgment herein rendered be an equal one against said three parties, and for all other relief.” To this paragraph Deem filed a demurrer, and it was sustained. This, the appellant insists, was reversible error.
The appellee’s counsel contend, on the other hand, that the pleading referred to was at most but an argumentative denial, and that any evidence that was proper to be given in its support was fully available, and was in fact given under the general denial. There was no prayer to make Deem a party defendant, but, as has been shown, it was assumed and averred that Deem was already a party, and had pleaded in the cause. The only appearance by Deem, as we have seen, was the filing of his demurrer to Heaton’s cross-complaint, which was sustained, and Deem went out of court. He was, therefore, not a party to the pleading denominated as an “interpleader-cross-complaint,” and could not be required to take notice of the same.
As to Lynch, we are of opinion that his counsel’s contention that the second paragraph of this pleading was but an argumentative denial must prevail. It is true that argumentativeness is not a cause for ■ demurrer, and hence if a demurrer to an argumentative denial be overruled there is no available error. But where a demurrer to an argumentative denial is sustained, and there is also a general denial under which the same facts may be *416 given, in evidence, it is not error to sustain the demurrer to such argumentative denial. Tewksbury v. Howard, 138 Ind. 103; Messick v. Midland R. W. Co., 128 Ind. 81.
Filed Sept. 26, 1894;
petition for rehearing overruled Nov. 27, 1894.
The third specification of errors calls in question the correctness of the court’s ruling in sustaining the demurrers of the appellees to the “interpleader cross-complaint’ ’ of the appellant. This pleading is but a repetition, in a more extended ’form, of the first paragraph of Heaton’s cross-complaint, and for the reasons already stated, in passing upon the ruling of the court as to the sufficiency of that instrument, must be held insufficient also. It expressly shows that Deem was not a party to the contract with the bank, whatever may have been the arrangements and relations between Heaton, Lynch and Deem as to the debt for which the note was given. Deem was not a necessary party to this pleading, and as to Lynch it states no cause of action against him.
The fourth and last assignment of errors relates to the ruling of the court in striking out the pleading just referred to. The disposition of the question upon the demurrer must at all events settle this point also. But there is another reason why this assignment can not avail the appellant. While the record discloses the filing of the motion it nowhere appears that it was ever ruled upon by the court. Appellee’s counsel claim that the motion was never submitted to the court. As the record shows no ruling, there is nothing to review.
We have thus examined all the alleged errors discussed by counsel, and find no cause for a reversal.
Judgment affirmed.
Gavin, J., did not participate in the decision of this cause.