## STREET ASSESSMENTS AGAINST INTERURBAN RAILWAY.

Common Pleas Court of Clark County.

THE SPRINGFIELD & WASHINGTON RAILWAY COMPANY V. CITY OF SPRINGFIELD ET AL.[*]

Decided, June, 1913.

*Interurban Railways—Location of Tracks and Street Improvement Assessment on Portion of Highway Annexed to Municipality.*

The council of the city of Springfield granted an interurban railway company a franchise for the location, construction, maintenance and operation of a line of street railway along and upon certain designated streets of said city, one of which streets extended to the corporation line thereof, with the right to extend said line of railway beyond the corporation limits of said city, providing by the franchise that, whenever the city authorities should order the paving or other improvement of any of said designated streets within the city limits, the cost of such paving between the rails of the railway track and for the space of eighteen inches immediately outside of such rails should be assessed against said company.

Shortly after obtaining this franchise said company procured from the county commissioners of the county within which said city is located a franchise authorizing the company to locate, construct, maintain and operate for the period of thirty years a line of interurban railway in continuation and extension of said line of railway to be so located in said city and connecting therewith at said terminus of the line in said city at said corporation limits, such line of railway outside of the city for a specified distance to be located on and occupy a strip of the highway on one side thereof, the highway to be macademized and the space between the rails and for eighteen inches outside thereof to be macadamized, bouldered or graveled and kept in good repair by the company.

---

*This case was taken on appeal by the city of Springfield to the court of appeals and that court on December 11, 1913, adopted the opinion of Judge Hagan in the following memorandum:

"Full examination of the questions submitted for our consideration in this case, leads us to the same conclusion that was reached in the court of common pleas and the very full and able opinion of Judge Hagan, filed in that case, expresses our conclusions completely on all the issues raised in this case and we adopt it in full as the opinion of of this court."

After said railway line had been constructed and put in operation on said streets in said city and on said portion of the highway outside of the said city, the corporate limits of said city were extended so as to include within the corporation said portion of said highway on which the raiway line had been constructed under the grant of the said commissioners and to be so improved as above stated, and subsequently the said city ordered the paving of said portion of said highway outside of said city limits and that the cost of such paving between the rails of the said company and the space of eighteen inches outside thereof should be assessed against said company, and was about to take up, remove and relocate the tracks of said company for the purpose of such paving.

An injunction was sought by the company to prevent such assessment against it and also to prevent the said city from so taking up, removing and re-locating its tracks. *Held:*

1. An injunction will be granted said company against said city to prevent the assessment of such cost of paving against the company.

2. An injunction to prevent said city from taking up and re-locating the tracks of the company for the purpose of such paving will be refused.

*Keifer & Keifer,* for plaintiff.
*H. E. MacGregor,* City Solicitor, contra.

HAGAN, J.

A demurrer was filed by the defendant, the city of Springfield, to the original petition in this case on the ground that it did not state facts sufficient to constitute a cause of action. Subsequently this demurrer was withdrawn, an amended petition of the plaintiff was filed and an answer thereto on behalf of said city was also filed and certain franchises described in the petition were offered in evidence so that the whole case might be determined on its merits, and the case was then submitted to the court upon the pleadings and evidence.

The plaintiff, the Springfield & Washington Railway Company, alleges in substance that it is an interurban railway company extending from a point within the city of Springfield, Clark county, Ohio, to the village of South Charleston, in the same county; that its line of road extends along south Limestone street in said city of Springfield, from Parkwood avenue south

to Leffel lane to the present corporation line of said city; that
the plaintiff obtained the right to construct, maintain and oper-
ate its said road from the south corporation line of said city,
as such line existed in the year 1908, which former corporation
line was south of said Parkwood avenue and along and upon
the Clifton pike, beyond the said former corporation limits of
the said city of Springfield, by a franchise legally granted
plaintiff by the board of county commissioners of Clark county,
Ohio, on the 9th day of December, 1908, which franchise, by its
terms, was made operative for the term of thirty years from
said day; that by the terms of said franchise it was authorized
to construct its line of railway from the said former corporation
line in said city of Springfield to a point twenty-eight rods south
of the south line of Leffel lane, inside of a twelve foot strip, the
west line of which shall be five feet east from the center of said
pike, and on the Clifton pike south of a point twenty-eight rods
south of the south line of Leffel lane, not nearer than twenty
feet from the center line of said pike to the center line of said
railway, but at the south end of said twelve foot strip, said
railway to run on a convenient curve until the center line of the
track shall be at least twenty feet east from the center line of
said pike, but the center line of said track to be twenty feet
distant from the center line of the pike within ten rods from
the south end of said twelve foot strip, and at Mill Creek Road
the railway to be on a convenient curve to the left from its line
along the Clifton pike to the present line of railway of said
company on the south side of said Mill Creek road.

It is alleged in the petition and admitted in the answer that
after said franchises were granted by the board of county com-
missioners and the city of Springfield, to-wit, in the year 1910,
the south corporation line of the city of Springfield was changed
to Leffel lane, so that the portion of the said railway above de-
scribed is now within the south corporation line of the city of
Springfield and the said portion of the Clifton pike, above de-
scribed, is now known as Limestone street.

It is further alleged in the petition that the city of Spring-
field, through its council, has taken steps to pave and has deter-
mined to proceed with the paving of Limestone street from the

south corporation line, as it existed in 1908, south to Leffel lane and has entered into a contract with the defendant, Edward Ryan, to pave said street with sheet asphalt, and for the purpose of paving said street proposes and threatens to require plaintiff to pave or to pay the costs of paving that portion of South Limestone street between its tracks and eighteen inches on each side thereof from the said former south corporation line to the present south corporation line; that the defendants, the city of Springfield and Edward Ryan, are proposing and threatening to tear up and destroy the railway tracks of the plaintiff along that portion of South Limestone street between the said former and present south corporation line and to require the plaintiff to re-locate and reconstruct its tracks on a different location from that one which it was granted by the said board of county commissioners.

It is further alleged in the petition that if the said defendants are allowed to proceed as proposed and threatened, as aforesaid, the operation of the said railway of plaintiff will be interfered with and prevented to the great and irreparable damage of the plaintiff and the public, who use said line of railway for passenger and freight service. The prayer of the petition is that the defendants be enjoined from tearing up plaintiff's tracks, as threatened by them, or from interfering with the same or with the operation of plaintiff's line of railway along said street and from requiring the plaintiff to change or re-locate its said tracks upon said portion of said Limestone street, and from requiring plaintiff to pay for any portion of the paving of South Limestone street.

All the foregoing allegations of the petition are admitted in the answer of the defendant, the city of Springfield, except that it denies that said franchise granted by the county commissioners is in full force and effect, and admitting it is proposed to take up said track denies that it threatens or intends to destroy the same.

It appears by the terms of said franchise that said company was required to macademize said pike along the west side of the present macadamized portion of Clifton pike from the corporation line south to a point twenty-eight rods south of the

south line of Leffel lane, so as to make the macadamized road-
way of the same character as the (then) present roadway of
the width of twenty-two feet west of and along the west side of
said twelve foot strip and the spaces between the rails of said
company and for eighteen inches on the outside of the outer rails
within the said improved portion of the highway shall be macad-
amized, planked, bouldered or graveled level with the top of the
rail under the direction of the county commissioners, the same
to be kept in good repair by said company as long as the said
company operates its said line, in default of which the board
of county commissioners reserve the right to repair the same at
the expense of the said company.

It is alleged in the answer of the defendant, the city of Spring-
field, that by the terms of said ordinance the rights and privileges
thereby granted were to be subject to the laws of the state of
Ohio and to the provisions of the existing or future ordinances
of the said city relative to the construction and operation of
street railways within its limits so far as the same are applicable
and not inconsistent with the provisions of this ordinance.

It is further alleged in the answer of the city of Springfield
that on the 6th day of November, 1908, it granted a franchise
by Ordinance No. 813 to the said the Springfield & Washington
Railway Company to maintain and operate a street railway and
interurban railway upon certain streets of the city of Spring-
field, Ohio, with the right to extend the same beyond the cor-
porate limits of said city.

Said answer then sets out Section No. 1 of said ordinance,
which in substance is that the plaintiff is granted the right to
construct, maintain and operate a single or double track street
railway within the limits of said city, with the necessary side-
tracks, cross-overs, turn-outs, poles, wires, etc., over the follow-
ing streets and avenues of said city, viz.: on Wittenberg avenue
from the tracks of the Springfield & Xenia Railway Company at
Clark street to the south end of said Wittenberg avenue; on
Parkwood avenue from the west end of the same to Limestone
street; on Limestone street from Parkwood avenue to the south
corporation line of said city; that the track on said route shall
be of uniform guage of four feet eight and one-half inches

and be located as nearly in the center of the streets as may be practicable; that whenever any portion of the said streets, described above, is ordered paved or otherwise improved by the lawful authority, the city may pave or otherwise improve the spaces between the rails and the spaces between any tracks or siding, switches or turn-outs, together with eighteen inches on the outside of the outer rails thereof on that portion of said street ordered to be paved or otherwise improved, the cost thereof to be assessed against the said company, in the same manner as against abutting property owners and the payment thereof enforced as other municipal assessments. And that before any such pavement is put in the company shall lay their ties on a solid foundation and shall use such rails as shall conform to the style of paving then being put in, to the approval of the proper municipal authority.

Said answer further alleges that by Section 1 the rights and privileges thereby granted are subject to the laws of the state of Ohio and to the provisions of the existing and future ordinances of the said city relating to the construction and operation of street railways within its limits so far as the same are applicable and not inconsistent with the provisions of this ordinance.

Said answer alleges that by virtue of the terms and conditions of said ordinance it has the right to pave and otherwise improve the space between the rails of said portion of plaintiff's railway track on said part of South Limestone street, together with eighteen inches on the outside of the outer rails thereof on said portion of South Limestone street and to so pave and improve said street that it may remove and relocate plaintiff's said track to such point in said street and in such manner as may be necessary in order to properly pave and otherwise improve said street without unnecessary interference with plaintiff's rights in said street and without destroying any of plaintiff's property.

It appears from the evidence that the cost of paving that portion of the said route of the plaintiff described in the petition necessary to laying the proper foundation and the brick thereon would be about $8,500, exclusive of any cost which might be nec-

essary to re-locate and reconstruct the tracks of plaintiff in accordance with such pavement of the street.

The court finds from the admissions of the answer and the evidence submitted that the material allegations of fact in plaintiff's petition are true; that is to say, that the allegations of the petition which set forth the nature of the franchise obtained by the plaintiff are established by the evidence, and that the particular manner in which the plaintiff was to maintain the portion of said route is as already set forth above in the opinion. The court further finds that the allegations of·fact· in the· answer of the defendant, the city of Springfield, in regard to the particular terms of said franchise are true, though somewhat fuller than those alleged in the petition, and that the allegations of the answer as to said several ordinances and the terms thereof passed by said city council are true. The court is of the opinion that there are no material questions of fact between the parties in dispute and that, therefore, the whole controversy is to be determined as a matter of law.

The plaintiff, being an interurban railway company, its said line, under the classification made under Chapter 10 of the General Code of Ohio, Sections 9100-9149, inclusive, such railway is classed as a street railway, which classification is sustained in a recent opinion of the Supreme Court of our state in the case of *Ottowa* v. *Electric Railway Co.*, 85 Ohio State, 229.

In the consideration of the questions presented it is helpful to have in mind certain fundamental principles, as below stated:

A franchise granted to a public service corporation is a contract. *Railway Co.* v. *Cleveland*, 17 O. Dec., 770; *Railway Co.* v. *Carthage*, 36 O. S., 631; *Cin'ti St. Ry. Co.* v. *Smith*, 29 O. S., 291; *R. R. Co.* v. *Cleveland*, 7 N.P.(N.S.), 161; *Chicago* v. *Sheldon*, 9 Wallace, 50.

A franchise duly granted by the county commissioners .is valid and no amendment or alteration thereof can be made which takes away the rights vested thereby. *State, ex rel Krichbaum,* v. *Northern Ohio Ry. Co.*, 1st Ohio Court of Appeals, page 1 (Ohio Law Reporter, March 31, 1913).

The validity of a grant for a street railway made by the county commissioners upon a road through unincorporated ter-

ritory is not affected by the subsequent annexation of said territory to a municipality. *Bell* v. *Glenville, etc., Ry. Co.*, 5 C. C. (N. S.), 461 (affirmed 73 O. S., 392).

The overwhelming weight of authority is that in the absence of a requirement in its franchise obligating a street railway company to pave between its tracks, or adjacent thereto, where there is no general provision of statutory law imposing such an obligation, or authorizing its imposition by a municipality, the company can not be required to so pave or to pay the cost thereof. *Page·& Jones Taxation by Assessment*, Section 60; *Joyce on Franchises*, Section 337; *Elliott on Roads and Streets*, Sections 987-990; *Booth on Street Railways*, 3d Ed., Sections 242-3; *Chicago* v. *Sheldon*, 9 Wallace, 50; *Western Paving Company* v. *R. R.*, 123 Ind., 525; *State, ex rel*, v. *Corrigan*, 85 Mo., 263; *Cleveland* v. *Electric Ry. Co.*, 1 N. P., 413 (reversed in 60 O. S., 536, on another point).

Where an obligation is imposed by a franchise upon a company to repair a street and maintain it in good order, it has been held by some courts that it would be afterwards subject to an ordinance of a city, requiring a pavement between its tracks, on the ground that the municipality is the judge of what constitutes the good order of the street. *City of Danville* v. *Danville Elec. Ry. Co.*, decided by the Supreme Court of Virginia, 76 S. E., 913.

But the general trend of authorities is that the mere obligation to repair, placed in a franchise, does not require the company, where the road has not been paved, to pave between or adjacent to its tracks or pay the cost thereof. *City of Philadelphia* v. *Hestonville, etc., R. R. Co.*, 177 Pa. St., 371; 46 L. R. A., 198, and notes; *Elliott on Roads and Streets,* Section 988 (3d Ed.), and authorities cited.

Under Section 3776 of the General Code of Ohio a municipality is authorized to require any part or all of the track between the rails of any street railway constructed within the corporate limits, to be paved with stone, gravel, boulders or wooden or asphaltic pavement. · Whether this power can be exercised only through provisions of an ordinance granting a· franchise to a street railway company or whether the city may afterwards, in a

case where the franchise is silent on the subject of paving or otherwise improving, impose the obligation to pay upon a street railway company, is a question which has not been settled or discussed by the courts of Ohio.

Assuming that where a franchise is silent this section authorizes the municipality to impose such an obligation upon a street railway company, the section has no bearing in this case where the franchise given by the board of county commissioners to the plaintiff is not silent on the subject of what care the railway company may take of the street but expressly stipulates what such care shall be.

Even if Section 3776 were applicable, it would apply only to the space between the rails of the plaintiff, whereas the city is undertaking to make the plaintiff pay the cost not only of paving between the rails but also the space eighteen inches on each side of the outer rails.

There is also in Section 3776 a curious omission, in that although manipulated and changed by the Legislature so as to include materials of different kinds, it has never yet included brick paving in said section. For these various reasons the court is clearly of the opinion that Section 3776 can not be availed of by the city of Springfield as giving a right to impose the cost of any part of the paving of said portion of the plaintiff's route upon the plaintiff.

It is claimed by the defendants in this case that by virtue of the terms of said ordinance of the city granting a franchise to the plaintiff the line was made on Limestone street as extending to the south corporation line and that this would by force of such terms include any part of the Clifton pike which, by extension of the corporate limits might become a part of Limestone street; in other words, that the term "south corporation line" is a flexible one, which would change with the change of the boundaries of the city. The court does not think this is tenable.

In the light of the authorities already cited the court is of the opinion that the plaintiff has a right to stand upon its franchise, granted by the board of county commissioners and is thereby exempted from paving between its tracks, or adjacent thereto or paying the cost of the same.

The petition asks not only for an injunction against the imposing of such paving or the cost thereof upon the plaintiff but also against the taking up of the tracks of the plaintiff and their re-location so as to enable the city to pave the portion of Limestone street in question according to its plans.

The court is of the opinion that the plaintiff can not prevent the city of Springfield from exercising the power to compel a street railway company to re-locate its tracks, as desired by the city, notwithstanding the provisions of the franchise of the county commissioners. This right of the city rests, in the opinion of the court, upon its police power. The tracks of a street railway ought to be so located as to best promote the convenience of those who travel with vehicles thereon and the owners of abutting property as well as to assure the highest degree of safety for all persons using the road. The city authorities are generally deemed the judges of what ·shall be required in this respect. Thus, in *Elliott on Roads and Streets,* Section 550, it is said that a regulation by a city requiring a railway company to change the location of its tracks in its streets for the public safety and convenience is a valid exercise of municipal power, citing as authority: *Atlanta, etc., Ry. Co.* v. *Cordele,* 128 Ga., 293 (57 S. E., 493).

The case of *Macon Consolidated Street Ry Co.* v. *The Mayor, etc., of the City of Macon,* decided by the Supreme Court of Georgia, reported in 38 N. E. Report., at page 60, is a very instructive one on this point.

The case of *Wabash Railroad Company* v. *The City of Defiance,* decided by the Supreme Court of the United States, and reported in 167 U. S., at page 87, is in principle much in point. This case was taken to the Supreme Court of the United States on error from the Supreme Court of the state of Ohio, the judgment of which as well as that of the subordinate courts was affirmed. The case was in reference to a requirement that new bridges be erected by a railroad company which claimed that it could not be required to do so because it involved the violation of its franchise. The court say that wherever a certain subject is within the police power of a city it can not by license or contract barter it away. Of course, the same restraint would be operative upon

a board of county commissioners as in the case of a municipality and the same principle would be applicable to all political sub-divisions of the state.

The court is, therefore, of the opinion that the city of Springfield should not be enjoined from causing the plaintiff to re-locate its tracks to meet the requirements of the improvement in contemplation.

The court is of the opinion that the controversy between the parties in this case should be determined as if it were a case in which the city of Springfield had given the franchise to the plaintiff in terms the same as that which it obtained from the board of county commissioners of Clark county and afterwards sought by the franchise pleaded in the answer of the city to vir-tually abrogate said first franchise and subject the plaintiff to such second franchise without its consent.

When the street is paved on that part of it described in the petition and in the manner described with brick, a question may then arise whether afterwards the plaintiff, under the obligation of its franchise from the board of county commissioners, may be required to keep the portion of the street between the rails and for eighteen inches on the outside of its outer rails in re-pair; that is, to keep it in the condition in which the city shall have left it by such paving. The opinion is expressed in *Elliott on Roads and Streets,* Section 988, that a street railroad under such circumstances would be bound to maintain the pavement thus constructed by the city and good authorities are cited in said work in support of the position thus taken. The settlement of that question is not necessary to the determination of this suit and the court, therefore, is of the opinion that "sufficient unto the day of evil is the knowledge thereof."

For the reasons stated the injunction asked for against the assessment of the cost of paving the said portion of said street in controversy is granted and the injunction asked for against the taking up and re-location of said tracks is refused.