CLARK ET AL. *v.* ALLEN ET AL.

[No. 23,257. Filed April 25, 1919. Rehearing Denied November 9, 1920.]

1. WILLS.—*Action for Construction.—Pleading.—Issues.*—In an action by an administrator *de bonis non*, with the will annexed, for the construction of the will, the manner of forming issues is somewhat informal, and, since the complaint operates to require each defendant to show his special interest or suffer default and abide a construction made without his assistance, the cause is tried on the complaint, default, and such answers as are filed, although issues are not otherwise formed between the defendants. p. 606.

2. WILLS.—*Action for Construction.—Parties.*—In a proceeding by an administrator *de bonis non* with the will annexed to obtain a construction of the will, all persons whose interests will be affected by such construction must be made defendants. p. 606.

3. WILLS.—*Construction.—Designation of Legatees.—Ambiguity.*— In an action to construe a legacy to the children of two named brothers of the testators, one of whom had never had any children, while another brother who had children, was not mentioned in the will, a conclusion of law that there was no latent ambiguity in the legacy was justified in the absence of any specially found fact tending to show an intention on the part of the testator to use the name of the unmentioned brother instead of the name of the brother that was childless. p. 607.

4. WILLS.—*Construction.—Failure of Issue.—Presumption Against Intestacy.*—Where a testator bequeathed a tract of land to a sister during her life, and directed the sale of the land at her death, and the equal division of the proceeds among the children then living of two named brothers of testator, and at the death of the sister there were no children of one of the named brothers,

a conclusion of law that the children of the other named brother who survived the life tenant took the entire proceeds of sale, was justified, in view of the presumption against intestacy. p. 607.

5. APPEAL.—*Review.—Evidence.—Sufficiency.—Construction of a Will.*—In an action to construe a clause in a will, when there is an issue of mistake in the description of beneficiaries, it is for the trial court to weigh the evidence, and, where there is testimony that fairly tends to support the decision of that court, the Supreme Court cannot say that the decision was not sustained by sufficient evidence. p. 608.

6. WILLS.—*Action for Construction.—Pleading.—Cross-Complaint.* —In an action by an administrator *de bonis non* with the will annexed to construe the will, a cross-complaint cannot be used to duplicate the issue presented between the same parties by the complaint and answers, and any such cross-complaint and all admissions claimed by reason of only a partial answer thereto, should be disregarded. p. 609.

From Cass Circuit Court; *H. J. Paulus,* Special Judge.

Action by the Logansport Loan and Trust Company, administrator *de bonis non,* with the will annexed, of the estate of Levi H. McKaig, deceased, against Grace Clark and others and Lida Allen and others, for the construction of a will. From a judgment construing the will according to the contention of Lida Allen and others, Grace Clark and others appeal. *Affirmed.*

*McConnell, Jenkines & Jenkines* and *Stuart, Hammond & Simms,* for appellants.

*Rabb, Mahoney & Fansler* and *S. D. Scott,* for appellees.

HARVEY, J.—This action is brought by the Logansport Loan and Trust Company, administrator *de bonis non,* with the will annexed, of the estate of Levi H. McKaig, deceased, for construction of the will of said testator. The particular clause in the will of which construction is asked is as follows:

"I give and bequeath to my sister, Martha Watts, the north half of the southwest quarter of section sixteen, in Noble Township, Cass county, Indiana, to have and to hold the same for and during her life. On her death I direct that the said land be sold by my executor and the proceeds thereof be equally divided between the children then living of my brothers, John F. McKaig and Watson C. McKaig."

The complaint alleges that said Martha Watts died in September, 1915; that the executor is taking proper legal steps to make a sale of the real estate described in the quoted clause; that both John F. McKaig and Watson C. McKaig, named in said clause, are now dead; and at the time of the death of said Martha C. Watts certain of the defendants were the living children of said John F. McKaig; and that said Watson C. McKaig was never married and left no children. That at the time of Martha C. Watts' death there were six living children of Robert N. McKaig, another brother; that said children of Robert N. McKaig are claiming and asserting that there was an error and mistake made in the preparation and writing of said will on the part of the scrivener who prepared the same; that it was the intention and purpose of said testator to name the children of his said brother Robert, instead of the children of his brother Watson; that the testator intended the name of Robert N. McKaig to be written into the will instead of the name of Watson C. McKaig; and that the children of Robert N. McKaig are claiming they are entitled to share equally in the proceeds of the sale of said property with the children of John F. McKaig. That the children of John F. McKaig are asserting that they

are entitled to the entire proceeds of the sale, because they are the only living children of the two brothers named in said clause. That the other heirs of said Levi H. McKaig are claiming and asserting that the net proceeds of said sale should be divided into two equal parts, one of which should be distributed among all the heirs at law of the said Levi H. McKaig, on the theory that he died intestate as to said. one-half. That the administrator is in doubt as to the proper interpretation, and cannot safely make distribution of the funds to be derived from said sale without a construction by the court.

To this complaint all the heirs at law and beneficiaries named in the will were made defendants.

The appellants, who are the children of said brother Robert, filed an answer in which they allege in substance the same facts which are recited in the complaint; and, particularly, allege an error and mistake made by the testator and the scrivener, in that the name of Watson C. McKaig was written in said will instead of the name of Robert N.; and that the testator intended the name Watson C. written therein to be Robert N.; and that they are therefore claiming to be entitled to share equally with the children of John F. McKaig in the proceeds of said real estate.

They further allege that they "neither admit nor deny the other allegations in said petition contained for the reason that they have no certain information as to these facts, and demand that as to these facts proof be made. All other facts alleged in said petition not herein traversed or admitted are denied."

To the administrator's complaint the children of John F. McKaig filed answer in which they admit all the facts in the complaint alleged; and aver that

at the time of the death of said Martha C. Watts they were the sole and only children then living of said John F. McKaig and Watson C. McKaig; and that they are entitled to the entire proceeds of the sale to the exclusion of all other heirs, legatees, or devisees of the testators.

No replies were filed to these answers. The children of Robert N. McKaig filed a cross-complaint, which was amended, to which they made the administrator and all of their codefendants parties. They set out the relationship of the various parties to the testator as his heirs and under the will. They describe the same controversies described in the complaint and the answers thereto, and allege facts showing a mistake of the testator, and that there exists a latent ambiguity in the will.

The children of John F. answered the amended cross-complaint: ''That said decedent was intimately acquainted with all of his said brothers and knew the name of each of them, and was not in the habit of referring to and speaking of his brother, Robert N. McKaig, by the name of Watson C. McKaig, or of speaking of Watson C. McKaig by the name of Robert N. McKaig; and at said date the said Watson C. McKaig, although an unmarried man, was in good health and under fifty years of age.''

To this answer the cross-complainants replied by general denial; and Robert N. McKaig answered the complaint and amended cross-complaint by disclaimers. The cause was tried, and, at the request of all the parties, the court made a special finding and stated its conclusions: (1) That there is no ambiguity latent or patent, in said will; (2) that the children of said John F. McKaig are entitled to all the proceeds aris-

.ing from the sale of the land described in said fourth clause of the will. Proper exception to each conclusion was reserved by appellants; and they thereupon filed a motion for a new trial, which was overruled.

Appellants allege that the court erred in each of its conclusions of law, and in rendering judgment on the facts found and the conclusions stated, and in overruling the motion for a new trial.

Proceedings of this character are infrequent, and the manner of forming issues therein, so far as same can be gathered from decisions in cases of this character, is somewhat informal. It is held that, when such a complaint is filed for construction of a will, the court will decline to merely advise petitioners as to the court's view of such construction, because this would bind no one. The court will not act until the cause is made adversary by bringing in all persons as defendants whose interests will be affected by such construction. *Traphagen* v. *Levy* (1889), 45 N. J. Eq. 448, 451, 18 Atl. 222.

While it must be borne in mind that it is the duty of an administrator, executor, or trustee to remain neutral as between beneficiaries and legatees, except to sustain and execute the will, and therefore not the duty of such petitioner to make specific allegations for or against the rights of any of the legatees or beneficiaries, yet it may be fairly said that a complaint by an administrator for construction requires that each defendant show his special and separate claims or interests against other defendants, or suffer default and abide a construction made without his assistance.

This being so, it results that when a defendant to such a petition files an answer to the complaint, and said answer alleges facts tending to affect the interests of other defendants, said other defendants are thereby challenged to an issue. And it has been the practice, as shown by the decisions, to try such causes upon the petition or complaint, and, upon default, or upon such answers as are filed, to render judgment construing the will for or against parties defendant; and that such parties defendant are bound thereby, although no issue has otherwise been formed between the defendants themselves.

The issue thus presented to the court on the complaint herein, briefly stated, was: (1) Whether there was a latent ambiguity in said will; and (2) whether, if Robert's children are excluded, the children of John take all or only half of the proceeds of said real estate, i. e., whether decedent was intestate as to one-half of said proceeds.

As bearing upon this issue, the court failed to specially find any fact tending to show that the testator intended that the name of Robert N. should be written into said will instead of the name of his brother Watson C.; therefore, the court was justified in its conclusions of law that there was no latent ambiguity; and, considering the well-established rule that courts will not, if the same can be reasonably avoided, declare a testator to have died intestate as to any part of his property, when he has shown an intention to die testate as to all thereof, and considering the fact found by the court that the children of John F. are the only children of the brothers John F. and Watson C., surviving the sister, Martha, the court was, when the facts specially

found are alone considered, justified in its conclusion that said children of John F. take all of the proceeds arising from the sale of the land described in said clause of the will, and that the testator was not intestate as to one-half thereof.

The exceptions to the conclusions of law are not sustained.

As to the motion for a new trial, so far as it relates to issues formed on the complaint, it may be said that, while there is some evidence tending to show 5. the high regard of the testator for his brother Robert N., and Robert N.'s children, that the testator was, to some extent, ill humored toward his brother Watson C., who had no children, that the testator had stated to Robert N. that he intended to provide for his children in his will, and, after making the will, stated that he had so provided and other similar facts having a tendency to show a mistake in said will, we must remember that it was for the trial court to weigh this evidence; and inasmuch as there was some evidence tending to show that the testator did not frequently mistake the names of his brothers and speak of Robert N. as Watson C., and there was evidence to the effect that the testator was in good health and mental condition, except as he was to some extent disabled by overwork and rheumatism, which testimony fairly tends to support the decision of the court, we cannot say that the decision of the court was not sustained by sufficient evidence.

The cross-complaint is directed against the administrator and all codefendants named in the complaint, and not against any other parties; it seeks a construction of the will and nothing more; therefore, it tenders only the same issue that is made upon the complaint.

It is not contemplated by the Code, nor by the rules at common law or in equity relating to such matters, that by cross-complaint exactly the same issue 6. may be presented between the same parties as is presented by the complaint and answers, with the possibility that the exigencies or accidents of practice will produce different results. Such practice would be useless and lead to confusion. This cross-complaint and all consequences claimed by reason of only a partial answer thereto should be, and are, disregarded.

An admission thus made in an attempt to duplicate an issue already made in the same cause, being improper and immaterial, does not in itself operate to overthrow a result reached upon the same issue made upon the complaint in the trial of which latter issue no such admission is made.

The judgment below is affirmed.