## CARR *v.* DOUGLAS.

[No. 13,207. Filed December 20, 1928.]

*Titsworth & Titsworth* and *Tremain & Turner*, for appellant.

*Gary & Bohannan* and *Hite & McKay*, for appellee.

REMY, J.—Appellant, defendant below, is the owner of a farm which is, and for many years has been, operated for her by her husband, Owen L. Carr. Appellee, by verbal contract, was employed as a laborer to work upon the farm; he entered upon his duties, and continued in the employment under the contract, for approximately three years, when a controversy arose as to wages due, and failing to get a settlement, appellee began this action for balance alleged to be due on the employment contract. Complaint was answered by denial, and on February 1,

1926, the day the cause was set for trial, and about one year after the action was commenced, appellant's husband filed his intervening petition in which it was averred that the contract sued on was not a contract between plaintiff and the defendant, Sarah L. Carr, but was a contract between the plaintiff and petitioner, and that Sarah L. Carr had entered into no contract with the plaintiff. Prayer of the petitioner was that he be made a party defendant and be allowed to defend against the action. The petition was denied.

Following the ruling and judgment denying the intervening petition, a trial of the cause resulted in a judgment from which this appeal is prosecuted.

The questions for review by this court are the rulings of the trial court in denying petition of Owen L. Carr to be made a party, and in overruling motion for new trial. The only ground for new trial presented is as to the sufficiency of the evidence.

Section 24 of the Code of Civil Procedure (§279 Burns 1926) provides that, "when a complete determination of a controversy in suit can not be had without the presence of other parties, the court must cause them to be joined as proper parties." It is argued by appellant that, by reason of this statute, the refusal of the court to make Owen L. Carr a party was reversible error. We do not concur in that view.

In the case at bar, the question to be litigated was as to the contract, if any, between appellee and appellant. The action was based upon the alleged contract. The general issue was pleaded. Appellant could not have been harmed by the refusal to permit her husband to intervene and litigate a contract between him and appellee. The section of the Code cited above, and relied on by appellant, does not apply. *Fischer* v. *Holmes* (1890), 123 Ind. 525, 24 N. E. 377; *Aetna Indemnity Co.* v. *Wassall Clay Co.* (1912), 49 Ind. App.

438, 97 N. E. 445. Whether appellant's husband suffered injury by the court's ruling is not presented, he not having appealed from the judgment denying his petition.

No good purpose would be served by a discussion of the evidence. It is sufficient to say that there is competent evidence to sustain the decision.

Affirmed.