HUSTED ET AL. *v.* SWEENEY ET AL.

[No. 17,026. Filed May 28, 1943.]

*Selwyn F. Husted* and *Harding & Harding,* all of Crawfordsville, for appellants.

*Harry N. Fine* and *Justin J. Molony*, both of Crawfordsville, for appellees.

Royse, C. J.—Appellant Selwyn F. Husted, trustee under the last will and testament of Grace Sweeney Williams, deceased, brought an action in the Montgomery Circuit Court for construction of the will. He named the appellees Orville J. Sweeney and Genevieve Little, and appellant Moody Bible Institute of Chicago, as defendants.

The complaint alleged, in substance, that Grace Sweeney Williams died testate on the 16th day of June, 1938; that decedent's will (which is made a part of the complaint) was duly admitted to probate in the Montgomery Circuit Court on June 20, 1938; that Byron C. Sweeney mentioned in said will died prior to the death of testatrix; that Clinton A. Williams, her husband, elected to take by law, renouncing the will; that said Williams was, on the 22nd day of June, 1938, appointed administrator with the will annexed of said estate; that he filed his final report as such administrator on October 31, 1939 and that said report was approved by the court on November 29, 1939; that certain funds were to be placed in trust for the benefit of defendants Orville J. Sweeney and Genevieve Little; that appellant was appointed trustee and qualified on the 6th day of November, 1939 and that certain funds came into his hands as such trustee; that prior to his appointment as trustee but subsequent to the death of Grace Sweeney Williams, appellee Genevieve Little sustained an injury which, if it had occurred subsequent to the appointment of said trustee, would have been deemed by said trustee as such an emergency as is contemplated by clause three of the will, authorizing the use of the principal of the trust to provide care for said appellee; that said appellee arranged to have herself treated in the hospital and

secured medical and nursing assistance, and was claiming the trustee should pay the debts so incurred by her; that the hospital, doctors and nurses who cared for her were demanding that such trustee pay for such services. The complaint further alleged that another beneficiary, appellee Orville J. Sweeney, had made demands that he be supported out of the trust funds and that the trustee had been requested to pay several bills incurred by Genevieve Little prior to his appointment as trustee. The trustee asked the court for instructions as to his liability relative to such claims.

The pertinent provision of the will of the testatrix is as follows:

> "*Item Three:* All the balance of my personal property owned by me at my death, I will and bequeath as follows, to-wit: If I should leave a husband at my death I will and bequeath to him one-fourth of the property in this third item of my will, to be his absolute property without conditions. The other three-fourths of my personal property in this third item of my will, I will and bequeath to my two brothers and sister, to-wit: Orville J. Sweeney, Byron C. Sweeney and Genevieve Little in equal proportions, and if any of said three, brothers or sister should die prior to my death, then the portion going above to such one or ones so dying, I will to the survivor or survivors of said three, who may be living at my death. If I do not leave a husband at my death, then all the property in this item three of my will, I will to my said brothers and sister, and the survivor or survivors. The property so going under this item of my will to my brothers and sister or survivor of them, I will in trust to them, the same to be held by Dumont Kennedy of Crawfordsville, Indiana, as Trustee, and it is my will that he keep the cash, securities or bonds invested and pay the income to said brothers and sister or survivors or survivor of them in equal proportions, and I further will and give said Trustee power and authority in the event, that all of any of said brothers and sister, shall by reason

of sickness or for any reason in the discretion of my said Trustee, pay to all or any such one needing the same, any portion of the principal in his hands as such trustee, even to the exhaustion of the said principal sum, and if in the opinion and discretion of my said trustee herein it becomes necessary to cash any bonds, securities or like property or to sell any personal property in this item three of my will, to make funds available as above from the principal sum herein for the uses set forth in this item, I hereby authorize and empower him to make such change of any of said property by cashing or selling the same."

The appellees Sweeney and Little (defendants) appeared in due course. Then George A. Collett and Hawthorne C. Wallace, surgeons who treated appellee Genevieve Little, asked leave to intervene and file answers, which leave was granted and these parties set up an answer to the effect that they were called upon by said Genevieve Little to render her services in treating a broken leg and asking that the trustee be directed to pay them the sum of $200 for the services rendered.

Montgomery County Culver Union Hospital asked leave to intervene, which was granted, and set up a claim for hospitalization of said Genevieve Little in the sum of $300.50.

Appellee Genevieve Little filed what she denominated a cross-complaint against the plaintiff and appellee Sweeney setting up the same facts as set out in appellants' complaint as to the injury and hospitalization she received, and asking that the trustee be ordered to make payment to George A. Collett, Hawthorne C. Wallace, Thomas L. Cooksey and Leota Tague for services rendered to said appellee, and requesting that the trustee be directed to turn over $750 to said appellee to be used by her for the payment of attorney fees.

Clinton A. Williams, surviving husband of Grace

Sweeney Williams, filed his motion for right to intervene, which was granted, whereupon he filed an intervening petition setting up that after the death of his wife he had paid certain premiums on life insurance which his deceased wife had been carrying on the life of Genevieve Little in order to provide for the latter's burial. He asked that his expenditures in the amount of $75.00 be repaid to him by the trustee.

Appellee James J. Clements & Company, filed a motion to intervene which was granted and it filed its intervening petition alleging it had furnished coal to Genevieve Little from December, 1938 to March, 1939, in the amount of $56.25, and asking that the trustee be required to pay said bill.

Appellee Orville J. Sweeney filed his answer to the complaint setting up the fact that he had frail health and did not have sufficient income to support himself and family; that he owed previously incurred debts of $250.00, and asking that the trustee be authorized to pay to said defendant $750.00 to discharge his debts and to provide himself with present necessary funds, and to provide him a further sum of $150 per month for life.

Said appellee Orville J. Sweeney at the same time filed an answer to the cross-complaint of Genevieve Little, setting up that he had no objection to the payment of the money demanded by her or her creditors provided the amount did not exceed 50% of the residue of the trust funds, and demanding an equal division of all funds and property in the trust.

Appellant Husted filed his motion to strike out the intervening petitions, which motion was overruled.

Subsequently, appellee Leota Tague, filed her motion to be made a party defendant, which was granted, and she filed an answer setting up services claimed to have

been rendered Genevieve Little, and asking an allowance from the trustee of her claim for nursing services to said Genevieve Little in the sum of $252.00.

Appellant Moody Bible Institute of Chicago filed its answer to the complaint, admitting the allegations therein contained. It filed its answer to the cross-complaint of Genevieve Little, admitting the first rhetorical paragraph of said cross-complaint and said it had no knowledge as to all other matters alleged.

The cause was tried by the court and its judgment was as follows:

"IT IS THEREFORE ordered, adjudged, and decreed by the Court, that Selwyn F. Husted, Trustee under the Last Will and Testament of Grace Sweeney Williams, deceased, be ordered, authorized and directed to pay to Dr. Thomas L. Cooksey the sum of $116.25, to Leota Tague the sum of $252.00, to Montgomery County Culver Union Hospital the sum of $323.15, to Drs. George Collett and Hawthorne C. Wallace the sum of $200.00, to Clinton Williams the sum of $47.00, to J. J. Clements Company the sum of $56.25, and that the costs of this action be paid by the plaintiff.

"It is further ordered, adjudged and decreed by the Court that the trust fund established under the will of decedent, authorizes said Trustee to expend for the benefit of either one or both of said beneficiaries the entire fund if emergencies demand."

Appellants herein duly filed their motion for a new trial which was overruled.

The assignment of errors here is that the trial court erred, (1) in overruling the motion of the appellant Selwyn F. Husted, etc., to strike out and reject the intervening petitions of George A. Collett and Hawthorne C. Wallace, Montgomery County Culver Union

Hospital, J. J. Clements & Company, and Clinton A. Williams, and (2), the overruling of appellants' motion for a new trial.

The specifications in the motion for a new trial are as follows.

"1. The decision of the court is not sustained by sufficient evidence.

"2. The decision of the court is contrary to law.

"3. The court erred in permitting each of the defendants Orville J. Sweeney and Genevieve Little, and the intervening parties, George A. Collett, Hawthorne C. Wallace, Leota Tague, J. J. Clements & Co. (Benjamin H. Myers and Hazel Fern Myers), Montgomery County Culver Union Hospital and Clinton A. Williams to intervene and assert claims in the proceeding herein.

"4. The court erred in overruling the motion of the plaintiff to strike out and reject the intervening petitions of George A. Collett and Hawthorne C. Wallace, Montgomery County Culver Union Hospital, J. J. Clements & Co. and Clinton A. Williams.

"4½. The court erred in rendering judgment for Thomas L. Cooksey; and said judgment is contrary to law and is not supported by the evidence.

"5. The assessment of the amount of recovery is erroneous, being too large."

The first assignment of error and specifications 3, 4, 4½ and 5 of the motion for a new trial, all relate to the rulings of the trial court in permitting the appellees Collett, Wallace, Tague, Clements & Co., Montgomery County Culver Union Hospital and Clinton A. Williams to intervene in this action and present claims against the trustee.

By the terms of item three of the will the trustee was granted a discretion to pay any portion of the principal

to either of said beneficiaries in the case of sickness or for any other reason which said trustee deemed necessary. The complaint of the appellant Husted sought a legal determination of whether or not the authority granted the trustee under the terms of the will extended to the payment of debts incurred by the beneficiaries by reason of sickness occurring subsequent to the death of the testatrix but prior to the appointment of the trustee or for any other debts contracted by said beneficiaries before his appointment. The only proper parties for a determination of the issues raised were the beneficiaries under this item of the will, because only their rights and interests could or would be affected by the court's decision. They would have had the right to file pleadings against each other.

Appellees contend the provision of § 2-222, Burns' 1933 authorized their intervention in this action, and cite authorities to the effect that all parties having an interest in a controversy are proper parties and have a right to intervene. We are in complete accord with this principle, but we are unable to see what interest the intervening appellees have in the instant litigation. Certainly they had no contract with the trustee. The claims which they have attempted to assert here were claims against appellee Little and were contracted for prior to the appointment of appellant. Any claims that they might have had were against said appellee and not the trustee. Intervention under this statute will not be permitted to settle questions between the intervenor and the defendant to an action. *Fischer* v. *Holmes* (1890), 123 Ind. 525, 24 N. E. 377; *Heaton* v. *Lynch, et al.* (1894), 11 Ind. App. 408, 38 N. E. 224.

"Upon a bill of this character, where the executors ask for the construction of the will, an attaching creditor is not a necessary party. In this suit in equity we cannot determine the rights of creditors of John W. Phelps to any part of the income payable to him by the terms of the will." *Phelps* v. *Phelps* (1887), 143 Mass. 570, 10 N. E. 452.

Appellees further contend that "even if the intervenors were not proper parties, the defendant, Genevieve Little, filed pleading asking that the trustee be instructed to pay the various persons for services rendered her and the matter was fairly tried and determined." We cannot agree with this contention of appellees. The pleading termed by the appellee Little a cross-complaint and filed herein presented precisely the same issue as was presented by the complaint. Therefore, it should have been disregarded by the court. *Clark et al.* v. *Allen et al.* (1920), 189 Ind. 601, 609, 123 N. E. 113.

The trial court by its judgment ordered and directed appellant Husted to pay certain specified amounts to various appellees. The provision of § 3-1104, Burns' 1933, under which this action was commenced, does not contemplate coercive judgments. *Brindley et al.* v. *Meara et al.* (1935), 209 Ind. 144, 198 N. E. 301.

As we have heretofore indicated, the provisions of the will under consideration vested a discretion in the trustee. The courts will not exercise the trustee's discretion for him. Bogert on Trusts & Trustees, Vol. 3, § 559, p. 1787. Therefore we hold that the only question which the trial court could properly determine in the instant case was whether or not, under the terms of the will, the discretionary authority of the trustee extended to debts of the bene-

ficiaries contracted prior to his appointment as such trustee. The trial court did not decide this question.

The trial court erred in permitting appellees Collett, Wallace, Williams, Clements & Company, Tague, Cooksey and Montgomery County Culver Union Hospital to intervene.

Because of the conclusion we have reached, we do not deem it necessary to pass on other questions presented by this appeal.

The judgment of the Montgomery Circuit Court is reversed with instructions to sustain appellants' motion for a new trial and for further proceedings consistent with this opinion.

NOTE.—Reported in 48 N. E. (2d) 1004.