Farley, Norris & Co. v. Budd.

---

FARLEY, NORRIS & CO. v. BUDD *et al.*

14   289<br>
104   698

1. IMPEACHING RECORD. The record of the District Court imports absolute verity and cannot be impeached by extrinsic affidavits.

2. VERDICT AGAINST INSTRUCTIONS. A verdict against the instructions of the Court should be set aside.

*Appeal from Linn District Court.*

FRIDAY, DECEMBER 12.

AN action on promissory notes executed by E. R. Budd for "E. R. Budd, M. B. Warner, Carl Cook and Andrew C. Dill, a firm doing business under the name and style of E. R. Budd." Trial and judgment for the plaintiffs. The record shows that on the day the verdict was returned into Court, a motion to set the same aside was filed.   No further proceedings were had in the case until the following term, when the motion was sustained for reasons stated in the opinion of the Court.   A motion for judgment on the verdict sustained by affidavits, showing that the motion to set aside the verdict was not in fact filed at the preceding term was overruled.   The plaintiffs appeal.

*I. M. Preston & Son* for the appellant, cited *Wann* v. *McNulty*, 2 Gilm., 355; *Thompson et al.* v. *Emmett et al.*, 15 Ill., 415; Code of 1851, §§ 1815, 1816.

*Hubbard & Stephens* and *Smyth, Young & Smyth* for the appellee.

LOWE, J.—The record presents two questions, raised under the following circumstances. The plaintiffs obtained a verdict against the defendants, as partners, on certain notes sued on Friday the first day of June, 1860, purporting to be executed by E. R. Budd, alone, after which the Court adjourned till next morning, but failed to convene pursuant to adjournment, and sent an order to the clerk to adjourn *sine die*, which was accordingly done, Saturday morning.

At the next regular term, in October following, the plaintiffs moved the Court to enter a judgment upon the verdict, and also to strike from the files a motion to set aside the verdict, and grant a new trial. This motion was supported by the affidavits of four persons, including the Clerk of the Court, to the effect that the motion for a new trial had not, as a matter of fact, been filed prior to the final adjournment of the Court.

But, the facts set out in these affidavits contradict the record, which shows that the motion was filed on Friday, the 1st day of June, being the day on which the verdict of the jury was returned. We are unprepared to hold that a record which imports its own verity, can be thus over-turned and rendered nugatory, by extrinsic evidence. Although it is stated that the indorsement on the motion is in the handwriting of one of the counsel for the defense, still it is conceded that the signature is that of the Clerk, and in contemplation of law the whole act is his. If he has been guilty of any willful misprison whereby a party litigant has suffered loss, that would be a question, we sup-

pose, between him and the injured party.   We are unwilling to say that the Court erred in overruling the plaintiff's motion, above specified.

Again, it is claimed that the Court misjudged in sustaining the defendant's motion, and granting a new trial thereon.   The ground upon which this was done is clearly stated in the bill of exceptions to be, first, for the reason that the same was and is contrary to the instructions of the Court; and secondly, "for the further reason that the said verdict is contrary to the evidence upon the question of the dissolution of the partnership, all the evidence showing that, if the said partnership existed as alleged, the same was dissolved prior to the commencement of this action, and that one of the defendants (Budd) was not served with notice."   Whether this second ground for granting the new trial was or was not sufficient in law, we will not now inquire, for the reason that whatever opinion we might hold in reference to it, we would nevertheless feel constrained to affirm the action of the Court upon the first ground stated in the record for sustaining the motion.   The Court, on the bill of exceptions, states distinctly that he grants the motion for a new trial, because the verdict of the jury was against his instruction, and this with us is an all-sufficient reason for not disturbing his ruling in that respect, as will be seen by reference to the case of *Savery* v. *Busick*, 11 Iowa, 487.   We feel the less hesitation in making this disposition of the case, as neither party will be concluded upon a pretty important question of practice, which has not been very fully considered by counsel in argument.

Affirmed.