M. Rumley Company v. Moore, Assignee, et al.

[No. 18,272.    Filed April 7, 1898.    Rehearing denied June 17, 1898.]

Chattel Mortgages.—*Assignment of Mortgaged Property for Benefit of Creditors.— Foreclosure.* — Where property covered by a chattel mortgage was assigned to a trustee for the benefit of creditors, and the trustee having no knowledge of the existence of such mortgage paid to mortgagee a part of the amount due thereon out of the general assets in his hands, in order to maintain an action to foreclose such mortgage the mortgagee will be required to repay the amount paid to him by the trustee. *pp. 24-28.*

Same.—*Assignment of Mortgaged Property for Benefit of Creditors.— Foreclosure.—Condition Precedent.*—Where in an action to foreclose a chattel mortgage on property which had been assigned for the benefit of creditors the plaintiff was required to repay to assignee a payment made by him on the debt from the general assets of the estate as a condition precedent to the foreclosure of the mortgage, plaintiff was entitled to a personal judgment against mortgagor for the balance on the debt without complying with such requirement. *p. 29.*

Appeal and Error.—*Presumptions.*—All presumptions are in favor of the rulings of the trial court, and a judgment will not be reversed unless error is affirmatively shown by the record. *pp. 29, 30.*

From the Hamilton Circuit Court.    *Affirmed.*

*Murat W. Hopkins* and *John H. Bradley,* for appellant.

*Christian & Christian* and *Fertig & Alexander,* for appellees.

Monks, J.—This action was brought by appellant against appellees to foreclose a chattel mortgage. The court made a special finding of the facts and stated its conclusions of law thereon, to each of which appellant excepted, and over appellant's motion for a new trial, judgment was rendered in favor of appellees. The errors assigned and not waived, call in question the conclusions of law. The special finding, so far as necessary to the determination of the question presented, may be summarized as follows: On

August 2, 1892, appellant sold to appellee Samuel W. Pitts, an engine and separator, who gave four notes for $350.00 each, due respectively on Oct. 1, 1892, 1893, 1894 and 1895, signed by himself as principal and Cad. Walter Pitts as surety; and at the same time he executed a mortgage on said personal property to secure said notes, which mortgage was duly recorded in Boone county on Aug. 5, 1892, the county in which said Samuel W. Pitts resided when said mortgage was executed. Afterward Cad. Walter Pitts purchased said personal property from Samuel W. Pitts, and became the sole owner thereof. The first of said notes was duly paid to appellant. On February 14, 1894, said Cad. Walter Pitts, having become insolvent, made a voluntary assignment of all his property, including said engine and separator, to appellee Ransom Moore, as trustee, under the assignment laws of the State, and said trustee entered upon the discharge of his duties as such. Said Moore, as such trustee, paid appellant on the note due October 1, 1893, the sum of $295.00 out of the "general assets in his hands as such trustee, which payment was accepted by appellant with a full knowledge that the same was paid by said Moore, as trustee, and before appellant had taken any steps to foreclose said mortgage, and appellant has retained the money so paid by said Moore, as trustee, and never offered to refund the same. Afterwards said trustee, without any order of court, sold said engine and separator to Boyds & Slater for full value, who executed their promissory notes for the purchase money. Before making said sale, the trustee having heard that there was a mortgage on said property, applied to appellant for information concerning said mortgage and was informed that appellant held a mortgage on said engine and separator, recorded in Boone county, Indi-

ana, but said trustee understood appellant to say
Hamilton county, and, knowing that his assignor,
Pitts, resided in Hamilton county examined the rec-
ords in the office of the recorder of Hamilton county,
and found that there was no such mortgage there re-
corded, and thereupon, in good faith, sold said prop-
erty to Boyds & Slater, representing to them that the
same was clear of encumbrance. That there is due
plaintiff on the notes sued on, principal and interest
and attorney's fees, the sum of $1,079.86, after deduct-
ing the payment of $295.00, paid by said trustee. That
the estate of said Pitts is insolvent, and there will be
no assets to pay general and unsecured creditors.

The court stated as conclusions of law, that the
mortgage was a valid lien on the property described
for the payment of said notes, and that said lien was
prior to any and all right or title of appellees, but
that appellant was not entitled to a foreclosure of
said mortgage, and at the same time to retain said
sum of $295.00 so paid to it by appellee Moore as trus-
tee, out of the general assets in his hands, and that
appellant must refund said money before it can be
allowed to foreclose said mortgage; that appellant
pay into court within sixty days, said sum of $295.00,
and thereupon a decree of foreclosure will be rendered
in its favor for said sum of $1,079.00, with the sum of
$295.00 to be added thereto,—in all, the sum of $1,-
374.00,—and an order for the sale of said property
for the payment of said sum, with the costs of suit;
but if appellant fail to pay said sum within the time
fixed, judgment will be given for appellees, and that
appellant take nothing by his action. And if appel-
lant pay in said sum and foreclose said mortgage, that
appellees, Boyds & Slater will be entitled to a rescis-
sion of said sale so made to them by said assignee, and
to be reimbursed out of the assets of said estate for

the amount paid by them and to have the unpaid note delivered up and canceled. Appellant refused to pay said sum of $295.00, or any part thereof, and waived the sixty days' time fixed, and the court rendered judgment that the appellant take nothing by its complaint, and that appellees recover their costs.

It is expressly provided by statute that "before the holder of any lien or encumbrance shall be entitled to receive any portion of his debt out of the general fund he shall proceed to enforce the payment of his debt by sale or otherwise of the property on which the lien or encumbrance exists, and for the residue of such claim, such holder of such lien or encumbrance shall share *pro rata* with the other creditors, if entitled so to do by the laws of the State." Section 2911 Burns' R. S. 1894 (2674, Horner's R. S. 1897.) The special finding shows that appellant received $295.00 out of the general fund on a debt secured by a chattel mortgage, in violation of said statute, and afterwards attempted to foreclose said chattel mortgage without repaying to the trustee the money so received out of the general fund. Under such circumstances we think the court has the power to require such creditor to pay into court the money so received, in violation of the provisions of the statute, as a condition precedent to the foreclosure of such encumbrance, or on a proper showing, to enter such decree with an order that the money realized from the sale of the property ordered to be sold should first be applied to repay the money so received by such creditor before any part thereof should be paid to such creditor. It was held by this court, in *Combs* v. *Union Trust Co., Trustee,* 146 Ind. 688, 691, 692, that if a creditor of any person who has made a voluntary assignment of his property for the benefit of his creditors under the laws of this State, has collected any part of his claim after the

assignment, and files his claim with the trustee, he will be charged with and required to account for the same in the distribution among the creditors so that he will only share *pro rata* with the other creditors counting what he has received as a part of the assets of said estate. It was so declared in that case, for the reason that under the law of this State concerning voluntary assignments of failing debtors for the benefit of creditors, the claims of creditors not secured by liens or encumbrances on the property so assigned are required to be paid *pro rata*, and the court having jurisdiction of such assignment has the power to make and enforce against creditors filing their claims such orders as are necessary to secure such distribution. For the same reason, the court below, whether the assignment was pending therein or not, upon the facts found, had the power to make and enforce such orders in the trial of this cause as would secure the application of the property in the hands of the trustee, as required by section 2911 (2674) *supra*, which provides among other things, that the holder of any lien or encumbrance on any of the property assigned shall only share *pro rata* with the other creditors in the residue of his claim after the application of the proceeds of the property upon which the lien or encumbrance is held. It is shown by the facts stated in the special finding that, if appellant is allowed to foreclose the chattel mortgage and sell the personal property described therein, that there will be no assets to apply on the claims of the general creditors, unless the $295.00 is repaid by appellant. The court did not err, therefore, in its conclusion of law that appellant should refund to said estate the amount of $295.00 paid out of the general assets of said estate on the notes secured by said chattel mortgage, as a

condition precedent to the foreclosure of said mortgage.

Counsel for appellant have cited a number of authorities to sustain their view of the case, but the same are not controlling, for the reason that this case is governed by our statute concerning voluntary assignments. Upon the facts found, however, even if the $295.00 was not repaid, as required by the court, appellant would have been entitled to a personal judgment against Samuel W. Pitts and Cad. Walter Pitts, who executed the notes secured by said chattel mortgage for the amount of the principal, interest and attorney fees on said notes, if they had been served with process in the court below, or had appeared to said action. Such personal judgment would not have prevented in any way the application of the property in the hands of the trustee to the payment of the debts of the assignor in the manner provided by the statute. The conclusion of law, however, as to appellant's right to a judgment was as follows: "But if plaintiff fail to so pay said sum on or before the expiration of sixty days, judgment will be given for the defendants for their costs, and that the plaintiff take nothing by his action." If Samuel W. Pitts and Cad. Walter Pitts were served with process, or appeared to the action in the court below, then they were included in the word "defendants" in said conclusion of law, and the same was erroneous for the reason that upon the facts found they were not entitled to a judgment against appellant for costs, and, as against them, appellant was entitled to a personal judgment, as we have already shown.

But, as to the other defendants named in the complaint, said conclusion of law was correct, and if the court below had no jurisdiction over the persons of said Pitts and Pitts, then said conclusion of law was not

erroneous, because the same did not refer to them, but only to the defendants who were in court. All presumptions are in favor of the rulings of the trial court, and a judgment will not be reversed unless error is affirmatively shown by the record. Elliott's App. Proc. sections 592, 710-713; *Stevens* v. *Stevens*, 127 Ind. 560, 565; *Rapp* v. *Kester*, 125 Ind. 79, 82. To sustain such conclusion of law, therefore, we must presume that the court below had no jurisdiction of the persons of said Pitts and Pitts, unless the contrary is shown by the record. The record does not show that any summons was ever issued against said Pitts and Pitts, although named as defendants to the complaint, nor that any process was ever served on either of them, nor that they either ever appeared to said action in any way. It is not shown by the record, therefore, that the court below ever had any jurisdiction over the person of either of said persons. It follows that we must presume that the court below had no jurisdiction over the persons of said Pitts and Pitts.

It is evident that the court did not err in its conclusions of law. Judgment affirmed.

Howard, C. J., took no part in the decision of this case.