## Kingan & Co. *v.* Orem et al.

[No. 5,465. Filed June 7, 1906.]

1. NEW TRIAL.—*Amount of Recovery.—Whether a Question of Law or Fact.—Appeal and Error.*—Where the evidence is conflicting as to the amount of recovery, the amount due is a question for the jury, and its verdict is conclusive on appeal; but where there is no dispute as to the facts, the question is for the court, whose decision may be reviewed on appeal. p. 209.

2.  PLEADING.—*Complaint.—Sales.—Merchandise in Bulk.—Statutes.—Recovery.*—No recovery can be permitted upon a complaint asserting rights under the act of 1901 (Acts 1901, p. 505, §§6637a, 6637b Burns 1901), prohibiting the sale of merchandise in bulk except under certain conditions, since such statute is unconstitutional.   p. 210.

3.  ESTOPPEL. — *Statutes. — Unconstitutional.—Actions Under.*— Defendant is not estopped to assert that a statute is unconstitutional because he has acted under it as though it were valid. p. 210.

4.  PLEADING. — *Complaint. — Guaranty.—Past-Due Accounts.— Consideration.*—A complaint declaring upon a written guaranty of a past-due account must show a valuable consideration therefor, an allegation that such guaranty was made "for a valuable consideration" being a conclusion and therefore insufficient.   p. 210.

5.  NEW TRIAL.—*Recovery too Small.—Insufficient Complaint.*—A new trial will not be granted because the amount of recovery is too small where the complaint is fatally defective.   p. 211.

From Tipton Circuit Court; *J. F. Elliott,* Judge.

Action by Kingan & Co. against William Orem and others. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*Kirkpatrick & Morrison* and *W. R. Oglebay,* for appellant.

*Blacklidge, Shirley & Wolf,* for appellees.

ROBINSON, C. J.—Appellant's complaint against Orem, Chapman, and Gwinn is in two paragraphs. The first paragraph seeks to recover from Gwinn the value of a stock of goods sold to him by Orem & Chapman, on the ground that the goods were sold in bulk without complying with the act of 1901 (Acts 1901, p. 505, §§1, 2, §§6637a, 6637b Burns 1901) regulating sales in bulk. The second paragraph avers that on August 26, 1901, Orem & Chapman, as partners, were engaged in a retail grocery and meat business; that the firm was indebted to appellant $141.69 for goods sold and delivered to the firm at its request; that on the above date the firm sold to Gwinn their entire stock for $400 cash; that "on September 9,

1901, for a valuable consideration, the firm promised and agreed to pay plaintiff's account herein set out in exhibit A, filed with the first paragraph of complaint herein and made a part of the paragraph by indorsement thereon in writing in the following words and figures, to wit: 'I guarantee the payment of this account. George L. Gwinn. 9-9-01;' " that appellant accepted such promise and agreement as security for the payment of the account and relied thereon; that appellees have failed to pay the account, though demanded, and that the same is past due and unpaid; that Orem and Chapman individually and as a firm were on August 26, 1901, by reason of such sale, rendered and became insolvent, and that each and the firm have since been and are now insolvent. Judgment against appellees is asked. A demurrer to the second paragraph was overruled. Appellee Gwinn answered by general denial, and that the guaranty sued on in the second paragraph was given without any consideration. Orem & Chapman were defaulted. Upon a trial the court found in appellant's favor against the appellees for $25, and over appellant's motion for a new trial rendered judgment for that amount. Overruling the motion for a new trial is the only question argued.

The judgment rendered is in appellant's favor, and the only complaint made in this court is that the amount of recovery is too small. The argument of counsel is

1. directed to the judgment as against Gwinn. A failure to assess a larger amount of recovery may or may not be solely a question of fact. If, in a given case, there is a dispute as to the amount that should be recovered, the appellate court could not disturb a finding on the ground that the amount found to be due was too small; but if the evidence shows without dispute that a certain sum is due, if anything is due, whether the amount found to be due is too small may be a question of law. *Paxson* v. *Dean* (1903), 31 Ind. App. 46.

If the finding rests upon the first paragraph of complaint, appellant cannot be heard to complain that the amount of recovery is too small, for the reason that

2. this paragraph is based upon the act of March 11, 1901, *supra,* which act has been held unconstitutional. *Sellers* v. *Hayes* (1904), 163 Ind. 422. See, also, *McKinster* v. *Sager* (1904), 163 Ind. 671, 68 L. R. A. 273. As the law was invalid, there could be no recovery under it. As the act was unconstitutional, it was absolutely void and was inoperative for any purpose. Appellant was not entitled to a judgment in any amount on the first paragraph.

In *Strong* v. *Daniel* (1854), 5 Ind. 348, the appellant recovered a judgment upon which one Conover became replevin bail, thereby staying execution 180 days. After

3. the lapse of that period and the issuance of a writ of *fieri facias,* an act of the legislature provided that on all judgments which had been replevied under the then existing laws, but not fully satisfied, and on all judgments on which a stay had expired, and execution had been issued, and levied or not levied, the execution debtor might replevy the same, in addition to the former stay, for six months after March 1, 1840. Under this act Daniel entered himself bail for the additional stay of execution. After the expiration of the six months another *fieri facias* was issued and levied on Daniel's land. In affirming a decree perpetually enjoining the sale of the land it was held that the act was unconstitutional and that Daniel was not estopped to set up the invalidity of the act under which he acted.

The second paragraph of complaint is based upon a written guaranty of a past-due account of Orem & Chapman. No attempt is made in the pleading to state

4. any cause of action against Gwinn other than on the written guaranty. As the instrument upon which the complaint is founded does not itself purport a consideration, the complaint should aver facts showing a

consideration. This it fails to do. The pleading does aver the promise was for a valuable consideration, but this is the conclusion of the pleader, and it is the province of the court and not of the pleader to determine whether the consideration was a valuable one or not. The promise made by Gwinn was made fifteen days after the sale by Orem & Chapman to Gwinn, and there is nothing in the pleading to show that this promise and the sale were a part of one and the same transaction. See *Brush* v. *Raney* (1870), 34 Ind. 416; *Leach* v. *Rhodes* (1874), 49 Ind. 291; *Nichols* v. *Nowling* (1882), 82 Ind. 488; *Wheeler* v. *Hawkins* (1885), 101 Ind. 486; *Plunkett* v. *Black* (1889), 117 Ind. 14.

As to Gwinn, the second paragraph of complaint did not state a cause of action. As the paragraph is insufficient to authorize a judgment in any amount against Gwinn there is no ground for complaint that the amount of recovery is too small. Appellant cannot be heard to complaint of its own bad complaint, and a failure to render judgment in its favor on this paragraph gives it no right to a new trial.

Judgment affirmed.