344    APPELLATE COURT OF INDIANA,

Atkinson, Admr., v. Indiana Nat. Life Ins. Co.—76 Ind. App. 344.

### ATKINSON, ADMINISTRATOR, v. INDIANA NATIONAL LIFE INSURANCE COMPANY.

[No. 10,900.   Filed October-5, 1921.]

1. INSURANCE.— *Construction   of   Policies.— Ambiguities.*—For the purpose of construction, an insurance policy is not regarded as an ordinary contract, and, where the language of the policy is ambiguous, that construction will be adopted which is most favorable to the insured.   p. 346.

2. INSURANCE.—*Life  Insurance.—Exemptions  from  Liability.— Risk  of  Military  Service.—Construction.—Death  While  on  Furlough.*—Where insured was inducted into military service, and was sent to a military camp for training, and while on a furlough was killed in a collision. between an autocycle and an automobile, the accident resulting in his death was not a risk of military service, within the meaning of a provision of a life policy that "military or naval service in time of war without a permit from the company is not a risk assumed"; a furlough being a leave to be absent from service for a certain time. p. 346.

3. APPEAL.—*Questions  Reviewable.—Sufficiency  of  Recovery.— Failure  to  Assign  as  Ground  for  New  Trial.—Assignment  that Decision  was  Contrary  to  Law.*—In an action on a life policy, where the amount of the recovery has been agreed to by both parties on alternate theories of the case, a specific assignment as cause for new trial of error in the assessment of the amount of recovery, is not necessary, but the case may be considered on appeal on its merits, including a review of any question as to the amount of recovery, on a motion for a new trial which merely assigns as its grounds the insufficiency of the evidence and that the decision is contrary to law.   p. 347.

From Warrick Circuit Court; *Marshall R. Tweedy,* Judge.

Action by Merrill Atkinson, Administrator of the estate of Ernest S. Atkinson, deceased, against the Indiana National Life Insurance Company.   From the judgment rendered, the plaintiff appeals.   *Transferred to Supreme Court.*

*E. L. Boyd* and *G. K. Denton,* for appellant.
*Charles E. Henderson,* for appellee.

NICHOLS, P. J.—Action by appellant against appellee on a policy of insurance on the life of appellant's decedent. The policy which was dated October 20, 1913, contained an exception that: "Military or naval service in time of war without a permit from the company is a risk not assumed under this policy at any time; but the legal reserve hereunder will be due and payable in case of death while in such service." In September, 1918, the insured was inducted into the military service of the United States, and was sent to a military camp in California to prepare him by military training for active service in the war with Germany. On December 2, 1918, while so engaged in military service, on his application, he was granted a leave of absence or furlough until midnight of that day for the purpose of pursuing his individual inclinations, and during which time he was not engaged in any military service for the government. After being granted his furlough, he started to the Pacific coast on an autocycle and while on his way and away from said camp on said day, he collided with an automobile and was killed.

It was agreed that if appellant was entitled to recover the face of the policy he was entitled to recover $1,000 together with interest, but if, on the other hand, he is not entitled to recover the face of the policy and interest, he was then entitled to recover the legal reserve under the policy and the accumulated interest thereon amounting to $84.08, which sum had theretofore been deposited with the clerk by appellee for the use of appellant.

On the agreed facts, briefly stated above, the court found that appellant was entitled only to the $84.08, the same being the legal reserve on the policy and interest, rendered judgment in favor of appellant and against appellee for that amount, and directed the clerk to pay the same to appellant in full of the judgment.

The costs were adjudged against appellant. Appellant's motion for a new trial was overruled, and this ruling of the court is assigned as error and presents for our consideration the question of the sufficiency of the evidence, and as to whether the decision is contrary to law.

Appellee contends that the insured was in military service from the time that he was inducted into the service, that his death occurred while in such 1. service, and that at the time of his death his status was that of a soldier in military service in time of war. Appellant contends that the plain meaning of the language is that the company does not assume the risks of or incident to military service, and that the death of the insured was not due to a risk incident to military service. The language used is not free from ambiguity, and gives occasion for the difference in its interpretation by the litigants. The rule that governs under such circumstances is stated in *Maxwell* v. *Springfield, etc., Co.*, 73 Ind. App. 251, 125 N. E. 646, as follows: "For the purpose of construction, an insurance policy is not regarded as an ordinary contract; and where the language of the policy is ambiguous, that construction will be adopted which is most favorable to the insured." Authorities there cited sustain the principle, and it has been applied in cases of ambiguous military clauses. *Malone* v. *State Life Ins. Co.* (Mo. App.), 213 S. W. 877; *Redd* v. *American Central Life Ins. Co.* (Mo. App.), 207 S. W. 74; *Kelly* v. *Fidelity Mutual Life Ins. Co.* (Wis.), 172 N. W. 152.

With these authorities before us, we hold that the accident resulting in insured's death was not a risk of military service,—certainly not when at the time 2. of the accident the insured had been granted a furlough which, as defined by Webster's Dictionary, is a leave given to an officer or soldier to be

*absent from service* for a certain time.   There could be no risk of military service when one is absent from it.

Having reached this conclusion, we now come to a question that for us is more difficult to determine.   The reasons which appellant has assigned for a new trial are the insufficiency of the evidence, and that the decision is contrary to law; error in the assessment of the amount of recovery in that it was too small was not assigned as a cause for a new trial.   Appellee contends with much force that the assignment in the motion that the decision of the court is not sustained by sufficient evidence, or that the decision is contrary to law, does not present any question as to the amount of the recovery, which can only be raised in a statutory way, as provided by the fifth subdivision of §585 Burns 1914, §559 R. S. 1881.   We do not need to mention the many authorities cited by appellee to sustain the rule as it is well established.   Appellant cites no authorities that make an exception to the rule, and we know of none.   But appellant contends in effect that there was no controversy as to the $84.08 being the correct amount due as the legal reserve, that appellee had agreed to pay that amount in discharge of the reserve, and had paid it into court for appellant's use.   He contends that a finding for that amount and nothing more amounted to a finding for appellee, and therefore appellee was given judgment for costs.   Appellant's contention is certainly worthy of our consideration.   The parties were not agreed as to the theory upon which appellant was entitled to recover, but they were agreed as to the amount to which appellant was entitled under the respective theories.   If, under the court's construction of the law, appellant was entitled to recover without reference to the war risk question, then it was agreed that he was entitled to $1,000 plus interest from

348    APPELLATE COURT OF INDIANA,

Atkinson, Admr., v. Indiana Nat. Life Ins. Co.—76 Ind. App. 344.

a specified date; but if, under the court's construction of the law, he was only entitled to the legal reserve, then it was agreed that he was entitled to only the $84.08 which had been tendered and was then in the clerk's hands for his use. In either event the court had nothing to do with fixing the amount of recovery, for that had been agreed upon by the parties. The court having decided that appellant was only entitled to the legal reserve, which the parties agreed was the $84.08, appellant says that such decision is contrary to law, and that this is the only question for our consideration. We are in harmony with this contention. The purpose of a motion for a new trial is to give the trial court opportunity to correct errors that may have occurred at the trial, and thereby save the time and expense of an appeal. But the court was fully informed of his alleged error when he was told that his theory adopted, his decision, was contrary to law, and he would not have been helped by being informed that the assessment of the amount of recovery, with which he had nothing to do, was too small. To hold that, under such circumstances, the statute requires that appellant must assign in his motion for a new trial that the recovery is too small, as a prerequisite to the consideration of his appeal on its merits is to us a wrong interpretation of the statute. But we are confronted with the case of *City of Indianapolis* v. *Parker, Sheriff* (1869), 31 Ind. 230, where, in a case similar in principle to the instant case, the court held that such an assignment was necessary. The two cases are clearly distinguishable from the long list of authorities properly holding that such an assignment is necessary. For the reasons above, we are of the opinion that the case of *City of Indianapolis* v. *Parker, Sheriff, supra,* should be overruled, and we therefore transfer this case to the Supreme Court for its consideration.