Fox, Appellant, vs. INTERSTATE EXCHANGE, Respondent.

*October 18—November 13, 1923.*

*Insurance: Automobile collision: Car skidding and overturning: Liability.*

A complaint in an action on a policy of insurance covering damages to an automobile from accident or collision which averred that while plaintiff was driving his automobile on a recently regraveled highway the car skidded, was overturned, violently striking the embankment at the side of the roadway, and was demolished, does not state a cause of action, the striking of the car against the embankment not constituting a "collision" within the policy. *Bell v. American Ins. Co.* 173 Wis. 533, followed.

APPEAL from an order of the circuit court for Milwaukee county: OSCAR M. FRITZ, Circuit Judge. *Affirmed.*

For the appellant the cause was submitted on the brief of *Thos. H. Gill* of Milwaukee.

For the respondent there was a brief by *Schoetz & Williams* and *Alfred R. Gandrey,* all of Milwaukee, and oral argument by *Clifton Williams.*

JONES, J. This is an appeal from an order sustaining a general demurrer. After alleging that the defendant is a Wisconsin corporation it is stated in the complaint that the defendant issued to plaintiff its policy and that the defendant

"Did insure the plaintiff against all loss and damage by or from accidental collision with another object resulting to his Franklin sedan automobile, therein described, during the year next ensuing said date, to an amount equal to the cost of placing said automobile in as nearly as possible the same condition that it was in prior to the accident, deducting therefrom the sum of $25.

"That about 7:15 o'clock in the afternoon of the 29th day of August, 1922, while this plaintiff was driving his said automobile upon the east-and-west highway known as Fairy Chasm road, a well known road, a short distance north of

Fox Point in said county of Milwaukee, and which highway had been recently regraveled in such manner as to result, from the passage of many cars, in the ordinary grooves or ruts some three or four inches in width and depth, the rear wheels of said automobile, which was then moving at a rate of approximately twenty miles per hour, came into violent contact and collision with a mass of loose sand, earth, gravel, and stones which had been thrown up within the ruts or grooves in which the wheels were traveling to such an extent as to reach to or above the top thereof and the full width of such ruts or grooves, and in such manner as to be swerved from side to side or skid, as generally called, to become wholly unmanageable, and to turn over and again collide with great force and violence with the earth or embankment at the side of said highway outside the traveled way, and again to be tipped, overturned, and thrown violently into the ditch or depression alongside the road and again collided therewith, thereby then and there to be and become entirely demolished and destroyed, so that it was rendered useless and valueless."

Then follow formal averments as to compliance on the part of the plaintiff and denial of liability on the part of defendant.

We are of the opinion that the case is ruled by *Bell v. American Ins. Co.* 173 Wis. 533, 181 N. W. 733, and that the demurrer was properly sustained.

*By the Court.*—Order affirmed.