## FIREMAN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY *v.* SAVERY.

[No. 11,881. Filed April 24, 1924. Rehearing denied June 25, 1924. Transfer denied November 23, 1928.]

*Ibach, Gavit, Stinson & Gavit,* for appellant.
*Bomberger, Peters & Morthland,* for appellee.

NICHOLS, J.—Action by appellee upon an insurance contract seeking to recover for damages to his automobile from an accidental collision alleged to have been within the terms of the insurance policy with appellant.

A demurrer to the complaint was overruled. There was a trial by the court, which resulted in a finding and judgment in favor of appellee for $635.18.

The errors assigned in this court are: (1) The action of the court in overruling the demurrer to the complaint; (2) in overruling the motion for a new trial. Both assigned errors present the same question, and that is, as to whether, under the facts averred and proved, there

was an "accidental collision" within the terms of the policy.

It is averred in the complaint and appears by the facts proved that the automobile involved, while being driven at a reasonable rate of speed, skidded and collided and came in contact with the bottom of a ditch, thereby accidentally colliding with the ground at said bottom, and that such collision resulted in the damages for the recovery of which this action was brought.

The insurance policy sued upon was made a part of the complaint. The collision clause therein, so far as here involved, is as follows: "In consideration of an additional premium of $22 and subject to all conditions of this policy, the perils insured against hereunder are extended to include accidental collision, . . . excepting: (1) Loss or damage to any tire, due to puncture, cut, gash, blow-out, or other ordinary tire trouble; and excluding in any event loss or damage to any tire, unless caused in an accidental collision which also causes other loss or damage to the insured's automobile."

The question here involved has not been decided by this court or the Supreme Court of the state. The case of *Hoosier, etc. Ins. Co.* v. *Lanam* (1923), 79 Ind. App. 629, 137 N. E. 626, is the only case in this state, as far as we have found, that involves the question of an accidental collision. The policy in that case insured against damages for accidental collision, but provided that contact with the roadbed on which the automobile was being driven or the sides thereof should not be regarded as a collision, and it was there held that as the car turned over partly on the roadbed and partly on the sides thereof, there was no accidental collision under the terms of the policy. That there is much confusion and ambiguity as to the meaning of such expression is evident from the conflicting authorities that are found, not only in the American courts but else-

where as well. At the time that the policy involved in the instant case was issued, July 15, 1922, numerous cases were then in the books from which it was evident that the meaning of "accidental collision," as applied to circumstances such as in this case, was not well defined. We do not deem it advisable to extend this opinion by undertaking to discuss and distinguish authorities in which accidental collisions were involved. The following cases, however, have held that the collisions therein considered were within the terms of the policies sued on: *Freiberger* v. *Globe Indemnity Co.* (1923), 205 App. Div. 116, 199 N. Y. Supp. 310; *Young* v. *New Jersey Ins. Co.* (1922), 284 Fed. 492; *Interstate Casualty Co.* v. *Stewart* (1922), 208 Ala. 377, 94 So. 345, 26 A. L. R. 427; *Universal Service Co.* v. *American Ins. Co.* (1921), 213 Mich. 523, 181 N. W. 1007, 14 A. L. R. 183; *Rouse* v. *Fire & Marine Ins. Co.* (1920), 203 Mo. App. 603, 219 S. W. 688; *Lepman* v. *Employer's, etc., Corp.* (1912), 170 Ill. App. 379; *Harris* v. *American Casualty Co.* (1912), 83 N. J. Law 641, 85 Atl. 194, 44 L. R. A. (N. S.) 70, Ann. Cas. 1914B 846; *Hardenburgh* v. *Employer's Liability Assur. Corp.* (1912), 78 Misc. Rep. 105, 138 N. Y. Supp. 662; while the following cases have held that the collisions under consideration were not within the terms of the policies sued on: *Continental Casualty Co.* v. *Paul* (1923), 95 So. (Ala.) 814; *Southern Casualty Co.* v. *Johnson* (1922), 24 Ariz. 221, 207 Pac. 987; *Moblad* v. *Western Indemnity Co.* (1921), 53 Cal. App. 683, 200 Pac. 750; *Bell* v. *American Ins. Co.* (1921), 173 Wis. 533, 181 N. W. 733, 14 A. L. R. 179; *Fox* v. *Interstate Exchange* (1923), 182 Wis. 28, 195 N. W. 842; *Alexander* v. *Home Ins. Co.* (1923), 27 Hawaii 326; *Royal Hawaiian Sales Co.* v. *Home Ins. Co.* (1923), 27 Hawaii 333; *Wettengel* v. *United States "Lloyds"* (1914), 157 Wis. 433, 147 N. W. 360, Ann. Cas. 1915A 626; *Gibson* v. *Georgia Life Ins. Co.* (1915), 17 Ga. App. 43, 86 S. E. 335.

As insurance companies, such as appellant herein, usually employ able attorneys, we reasonably assume that appellant was ably assisted by such counsel at and before the time the policy was issued, and that it must have known of the confusion and ambiguity growing out of the use of such a term. With such knowledge, it could have easily protected itself against such ambiguity by expressing its policy in such simple, plain language that it would need no interpretation as to the meaning intended. At the time the policy was issued, the meaning of the expression in some cases had been so determined as to lead some of the companies to insert exclusions and exceptions in their contracts as in the Hoosier Mutual automobile case, *supra*, where contact with the roadbed or the sides thereof was not to be regarded as a collision. But appellant insured against "accidental collision" without limitation except "loss or damage to any tire due to puncture, cut, gash, blow-out, or other ordinary tire trouble."

The policy in *Young* v. *New Jersey Ins. Co., supra,* is substantially the same as in this case, and, after quoting the exception in the collision clause, which is in the same language as quoted above, the court interpreted it as follows: "That is, from the possible or probable meaning of 'collision' defendant expressly excluded tire damage from contact with glass, tacks, or stones, and other hard objects on the surface or imbedded and a part of road or earth, or from contact with ruts, depressions, or other surface irregularities. This must have been done, lest otherwise these common incidents of an auto's ordinary progress be held to be within the meaning of 'collision' as used in this policy, and it is indicative that unexcluded contacts with road or earth, causing other than tire damage, were by the parties deemed to be within the meaning of the 'collision clause.'" For the purposes of this decision, we do not need to adopt the

strong interpretation of the collision clause in the Young case. It is sufficient for us to say that such accidents were excepted from "accidental collision" as understood by appellant at the time that it issued the policy. We cannot say that appellee did not deem it necessary to make these exclusions in order that such common injuries might not be held to be within the meaning of the "accidental collision" provision of the policy, and that, unexcluded, it did not deem such contacts with the road or the earth as within the meaning of "accidental collision," and that appellant did not intend at the time that an accidental collision included a violent contact with the earth.

Where, by reason of an ambiguity in the language employed in the policy or contract of insurance, there is doubt or uncertainty as to its meaning and it is fairly susceptible to two interpretations, one favorable to the insured and the other favorable to the company, the former will be adopted. 32 C. J. 1152, §265; *Atkinson, Admr.,* v. *Indiana Nat. Life Ins. Co.* (1921), 76 Ind. App. 344, 132 N. E. 263; *Maxwell* v. *Springfield, etc., Ins. Co.* (1920), 73 Ind. App. 251, 125 N. E. 645. This rule is especially applicable to this case, for appellant, with the knowledge that we assume it must have had of confusion with reference to the use of the term, had it intended any limitation of the meaning thereof, could easily have expressed such limitation in its policy.

Judgment affirmed.

McMahan, J., dissents.

Enloe, J., concurs in result.