SPANNUTH *v.* CLEVELAND, CINCINNATI, CHICAGO
AND ST. LOUIS RAILWAY COMPANY.

[No. 24,973.  Filed June 30, 1925.]

1. NEW TRIAL.—*Verdict for less than actual damages proved by uncontradicted evidence held not to require granting of new trial.*—The fact that in an action for personal injuries, the damages awarded the plaintiff were less than the uncontradicted evidence warranted is not cause for a new trial where the evidence for the defendant, if believed, would have justified the refusal of any recovery by the plaintiff.  p. 380.

2. NEW TRIAL.—*Affidavits of jurors may be considered in aid of verdict but not to impeach it.*—Affidavits of jurors may be considered in aid of a verdict but not to impeach it.  p. 380.

3. APPEAL.—*Presumptions and inferences supporting action of trial court will be adopted rather than those against it.*—Where appellate tribunal is driven to the necessity of indulging presumptions or drawing inferences, it will adopt those presumptions and draw the inferences that will tend to support the action of the trial court rather than those which would overthrow it.  p. 383.

4. APPEAL.—*In order to justify a reversal of the court's action in denying a new trial, the record must affirmatively show that such action was erroneous.*—In order to justify the reversal of the trial court's action in approving a verdict by overruling a motion for a new trial, the record must affirmatively show that such action was erroneous, as a judgment cannot be reversed upon a mere possibility or probability that error was committed.  p. 383.

From Marion Superior Court (A 548) ; *Theophilus J. Moll,* Judge.

Action by Ernest Spannuth against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From an unsatisfactory judgment for plaintiff, he appeals. (Transferred from the Appellate Court under §1397 Burns 1926, §1394 Burns 1914.) *Affirmed.*

*Beckett & Beckett* and *Forney & Felt,* for appellant. *Frank L. Littleton, Miller, Dailey & Thompson* and *Forrest Chenoweth,* for appellee.

PER CURIAM.—Appellant sued for damages for personal injuries and the jury returned a verdict in his favor for $100, which has not been challenged in any way by the defendant (appellee). Being dissatisfied with the amount of damages awarded him, appellant (plaintiff) filed a motion for a new trial for the alleged reasons that the verdict is not sustained by sufficient evidence and is contrary to law, attaching to his motion an affidavit by one of the jurors stating that after six of the twelve jurors had for twenty-three hours insisted on finding in favor of the defendant, and had opposed finding for the plaintiff, they offered to join the other six in returning a verdict in favor of the plaintiff if permitted to fix the amount of damages; and that this being agreed to, they fixed the damages at $100 and the verdict was returned accordingly, but that the six jurors who had been in favor of finding for the plaintiff took no part in making the assessment of damages except to join in returning the verdict pursuant to said agreement.

When the evidence is examined, we find that there was evidence tending to sustain the refusal of the jury to find plaintiff entitled to the damages claimed by him as follows: Plaintiff testified that he laid his tools on the platform beside the railroad

1, 2.

track near a watchman's shanty at a street crossing in the city of Indianapolis and went into the shanty to keep warm while waiting for a train from the east on the C. I. & W. Railroad which was expected to stop there; that when the train pulled in on the second track over from where he was, he picked up his tools and started across the intervening track toward it, when he was struck and badly injured by an engine coming from the west, pulling a train that defendant was operating on the intervening track; and that it was about eight feet from the shanty to the first rail of the first track, and the tracks were about eight feet apart. A stenographer called as a witness for the defense testified that when plaintiff was asked by a representative of the defendant company why he did not see the train that struck him, he answered "Well, I never looked for it. I just ran right across the track." That he said the C. I. & W. train which he expected to take came from the east, and defendant's train that struck him came from the west, and that he did not look, at all, toward the train by which he was injured; and that the witness wrote down said questions and answers in shorthand at the time, and afterward transcribed his shorthand notes on a typewriter. And the watchman at the crossing from whose shanty he went to the track testified that he saw defendant's train that injured plaintiff coming from the west and went out from the shanty to flag the crossing, and then saw the C. I. & W. train coming from the other direction; and that, when plaintiff came out of the shanty, witness told him he could not get across ahead of defendant's train; that witness came back from the street close behind plaintiff as he was picking up his tools and said to him, "You cannot get ahead of that train"; that after going out upon the crossing, he "went back and told the man to wait—that the train was so close, he could not get ahead

of it," and that the train was then about fifteen feet away, but plaintiff was picking up his tools to go across, and that he undertook to go across when he was struck by the engine. Obviously, this evidence, if believed and acted upon, would have been sufficient to sustain a verdict awarding no damages at all to the plaintiff. And, if such a verdict had been returned, this court would have been bound to accept as true all the evidence that tended to prove facts showing the plaintiff not entitled to recover, and to reject as lacking credibility all that tended to prove the contrary. But since there was a verdict finding that he was entitled to recover $100, counsel insist that the jurors thereby determined that defendant was negligent and that plaintiff was free from contributory negligence; and since the evidence as to his injuries not only showed that his little finger was cut off, for which $100 might be reasonable compensation, but also tended to show by undisputed testimony that he sustained severe injuries in other respects for which an award of much larger damages might be justified in case liability were proved, counsel insist that this court ought to hold the verdict for only $100 contrary to law. They ask the court to infer that the jury agreed upon a finding that defendant had inflicted the injuries by reason of its negligence, without fault on the part of plaintiff, and was therefore liable to him for all the damages he sustained, but that in disregard of the evidence and the law it found such damages to amount only to $100, when they really were a much larger sum, as proved without dispute. But if resort were had to inferences, we might as reasonably infer that the jury became convinced that plaintiff stepped on the track immediately in front of defendant's train and was injured solely by reason of his own negligence, but agreed to award him enough damages to protect him from liability to pay the costs of suit. That is

what the affidavit filed with the motion for a new trial would indicate was the attitude of at least one-half the jurors; and the affidavits of jurors may sometimes be considered in aid of a verdict, though not admissible to impeach it. *Long* v. *State* (1884), 95 Ind. 481, 486; *Houseworth* v. *Bishop* (1914), 57 Ind. App. 62, 64, 106 N. E. 380; *Harbison* v. *Boyd* (1911), 177 Ind. 267, 275, 276, 96 N. E. 587; *Barlow* v. *State* (1827), 2 Blackf. (Ind.) 114, 115; 27 R. C. L. pp. 896, 899, §§68, 73.

And, where the court, in passing on an appeal, is reduced to the necessity of indulging presumptions or drawing inferences, it will adopt those presumptions and those inferences which tend to support the action of the trial court, rather than those which would overthrow it. Elliott, Appellate Procedure §§709-712; Ewbank's Manual (2d ed.) §§122, 198.

It is only when the record shows affirmatively that what the trial court did in approving the verdict of the jury by overruling a motion for a new trial, or otherwise, was erroneous, that a judgment will be reversed. A judgment cannot be reversed on appeal upon mere possibilities or probabilities that an error may have been committed. The presumption in favor of the action of the court must prevail until and unless it is made affirmatively to appear that an error was committed. *M. Rumely Co.* v. *Moore* (1898), 151 Ind. 24, 30, 50 N. E. 574.

The judgment is affirmed.