## KUNDRED ET AL. *v.* BITLER.

[No. 14,002.   Filed August 12, 1931.   Rehearing denied December 19, 1931.   Transfer denied January 29, 1932.]

*Deahl & Deahl* and *Robert E. Proctor,* for appellants.
*James L. Harmon* and *McClure & Elliott,* for appellee.

CURTIS, J.—This is an action by Josephine S. Bitler (appellee herein) against appellants Amos E. Kundred and David T. Swihart to recover the sum of $4,000 and interest alleged to be the unpaid balance due her from appellants under the terms of a certain written contract.

On March 1, 1928, appellee entered into a written contract with appellants, by the terms of which appellee sold to appellants a certain formula and process of ingredients used in the preparation and making of a liquid preparation known as "Bitler's Red Line Tree Life," such preparation being used to remove or destroy insects, scale, borers, fungus and blight diseases injurious to tree and plant life. In consideration of such sale, appellants agreed to pay to appellee not less than $5,000, $1,000 of which was paid in cash at the time the contract was entered into. It was agreed that appellants were to manufacture and market the preparation made with the formula and pay appellee 10 cents per gallon on each gallon manufactured and sold, with the guaranty that, if this royalty did not amount to $4,000 within five years, appellants would pay to appellee (plaintiff) enough money to make the amount equal $4,000, or a total consideration of $5,000. The evidence shows that appellee performed her part of the contract and that appellants took charge of the formula but failed to manufacture any of the preparation in commercial quantities and have failed to make any payments whatever to appellee in addition to the $1,000 paid in cash upon the execution of the contract.

Appellants answered appellee's complaint by an answer in two paragraphs. The first paragraph was an answer in general denial, while the second paragraph alleged that appellee, by means of certain fraudulent representations regarding the formula, induced appellants to enter into the contract. Appellants also filed an additional paragraph, which they denominate a "counterclaim," but which is substantially similar to their second paragraph of answer. Appellants, by their second paragraph of answer and counterclaim, asked the return of the $1,000 which they paid appellee when the contract was executed. Appellee filed a general denial to each of the second paragraphs of answer and the counterclaim. The jury returned a verdict in favor of appellee on the counterclaim and for $2,000 on the complaint. Judgment being rendered upon the verdict, defendants (appellants) appeal and say the court erred in overruling their motion for a new trial.

Appellee attacks the sufficiency of appellants' brief and says that appellants have waived all alleged errors by their failure to comply with clause 4 of Rule 22 of this court, which requires the errors relied upon for reversal to be stated. Under the heading "errors relied upon for reversal" appellants have set out their assignment of error. This is sufficient. See *Morgan* v. *Henry Brick Co.* (1931), 92 Ind. App. 478, 176 N. E. 237. Other preliminary matters affecting the sufficiency of appellants' brief are discussed by appellee, but we hold appellants' brief sufficiently complies with the rules of this court so as to present the questions complained of.

The trial court, on the amount of recovery, instructed the jury as follows: "If you find from all the evidence in this cause that the contract was made between the plaintiff and defendants as alleged, and that the defendants agreed to pay $1,000 in cash to plaintiff and

did so and also to enter promptly upon the manufacture and sale of Bitler's Red Line Tree Life and pay to plaintiff 10 cents per gallon royalty on all of such product sold by them for five years, and failed to so do but abandoned such product, and never paid plaintiff any money other than such $1,000, plaintiff would be entitled to receive on such contract the sum of $4,000 with interest thereon from March 1, 1928, at 6 per cent per annum. If you find, however, that such contract was made as alleged, but that same was induced by fraud of plaintiff under facts as you find them to be herein from the evidence, and the law as given you by the court, then such fraud, if any, would be a defense to plaintiff's claim under such contract and you should find for defendant. And further, if you find such contract to have been made as alleged, and you further find that the same was induced by actionable fraud under the instructions given you by the court and the facts as shown by the evidence and you further find that the defendants have not been guilty of unreasonable delay in rescinding their contract and bringing their action to recover all sums paid, then you should find for defendants on the counter-claim in the sum of $1,000 and interest thereon at 6% per annum from March 1, 1923. If, however, you find such to be the case, but that defendants have been guilty of unreasonable delay in resuming [rescinding] such contract and asserting their rights to recover and that to do so would under all the facts be unjust to plaintiff, you should find on such counter-claim for plaintiff."

It is appellants' contention that the instruction of the court, *supra*, became the law of the case; that it was the duty of the jury to apply the law to the evidence and to return a verdict in accordance with the law and the evidence; that, under this instruction, the jury should have returned a verdict for plaintiff (appellee) for $4,000,

with interest, or a verdict for the defendants (appellants) ; that their failure to do this and their returning a verdict for plaintiff for $2,000 necessarily renders such verdict contrary to law.

In the instant case, there is no contention of part payment or partial failure of consideration. Appellee, however, contends that "if there is evidence in the record, if believed and acted upon, which would have been sufficient to sustain a verdict awarding no damages at all to the plaintiff (appellee), then the fact that the verdict is less than other evidence in the case would warrant, gives no cause for reversal." Appellee, in support of this contention, cites and relies upon the case of *Spannuth* v. *Cleveland, etc., R. Co.* (1925), 196 Ind. 379, 148 N. E. 410. It is to be noted that the *Spannuth Case* was an action by appellant against appellee for damages for personal injuries. The damages in that case were not capable of exact measurement. The evidence in that case did not show, without dispute, that a certain sum was due, if anything at all was due. It has been held that; "If, in a given case, there is a dispute as to the amount that should be recovered, the Appellate Court could not disturb a finding on the ground that the amount found to be due was too small; *but if the evidence shows without dispute that a certain sum is due, if anything is due, whether the amount found to be due is too small may be a question of law."* (Our italics.) *Kingan & Co.* v. *Orem* (1906), 38 Ind. App. 207, 78 N. E. 88. The Supreme Court, in its opinion in the *Spannuth Case, supra,* refused to reverse that case because to do so it would have had to resort to inferences. The court said: "They (appellants) ask the court to infer that the jury agreed upon a finding that defendant had inflicted the injuries by reason of its negligence, without fault on the part of plaintiff, and was therefore liable to him for all the damages he

sustained. . . . But if resort were had to inferences, we might as reasonably infer that the jury became convinced that plaintiff stepped on the track immediately in front of defendant's train and was injured solely by reason of his own negligence, but agreed to award him enough damages to protect him from liability to pay the costs of suit. . . .

"And, where the court, in passing on an appeal, is reduced to the necessity of indulging presumptions or drawing inferences, it will adopt those presumptions and those inferences which tend to support the action of the trial court, rather than those which would overthrow it. . . .

"It is only when the record shows affirmatively that what the trial court did in approving the verdict of the jury by overruling a motion for a new trial, or otherwise, was erroneous, that a judgment will be reversed. A judgment can not be reversed on appeal upon mere possibilities or probabilities that an error may have been committed. The presumption in favor of the action of the court must prevail until and unless it is made affirmatively to appear that an error was committed." But that is not the situation in the instant case. The amount the appellee was entitled to recover, if entitled to recover at all, was fixed and certain by the terms of the contract sued upon, and this amount was in no way disputed by appellants. The question of the amount of damages, therefore, became a question of law. *Kingan & Co.* v. *Orem, supra.*

The court, by the instruction quoted above, told the jury that if it found that the contract in question was induced by actionable fraud and that if the defendants were not guilty of unreasonable delay in rescinding their contract and bringing this action to recover all sums paid, the defendants would be entitled to recover on their counterclaim. But the jury, on the counter-

claim, found in favor of appellee (plaintiff) and thereby terminated that issue. By the remaining part of the instruction, the jury was instructed, in substance, that if appellee was entitled to recover at all, she was entitled to recover $4,000 and interest. But, in disregard of this instruction, the jury returned a verdict for plaintiff for $2,000.

*Dunn* v. *Blue Grass Realty Co.* (1915), 163 Ky. 384, 173 S. W. 1122, was an action for commissions alleged to be due plaintiff for the sale of certain real estate wherein appellant was entitled to judgment for $1,131.45 or nothing, and the jury was so instructed. The jury returned a verdict for the plaintiff for a lesser amount. This was held improper, and the court said: "Where the damage can be measured, and the verdict of the jury is such as to demonstrate that the proof was disregarded, and the law of the case as embodied in the instructions was disobeyed, a new trial should be granted. . . . And, since the damages under the instructions given in this case were capable of exact measurement, and, under the instruction a finding for Dunn should have been for $1,131.45 or nothing, a verdict for $500 was the result of a total disregard of the instructions, and directly contrary thereto."

In the case of *Metz* v. *Campbell Printing Press Co.* (1895), 11 Misc. Rep. 284, 32 N. Y. Supp. 155, plaintiff brought suit for balance on a certain contract. The plaintiff was entitled to recover the full amount or nothing, and the court so instructed the jury, which returned a verdict awarding plaintiff a partial amount only. The case was reversed for failure to follow the instructions of the court.

The facts of the instant case are very similar to the facts in the case of *Alden* v. *Sacramento Suburban Fruit Lands Co.* (1917), 137 Minn. 161, 163 N. W. 133, wherein the court said: "The damages were not unliqui-

dated. They were entirely certain. The jury did not make a mistake. They were not under a misapprehension. They disregarded the evidence and the issues and the trial court's charge. That they compromised does not admit of question. The verdict does not respond to the evidence of the plaintiff, or to that of the defendant, or to a part of either or of both. The jury compromised, not on the question whether there was a contract between the parties, nor upon what it was, nor upon what the recovery on the contract basis should be, but between the *right of recovery and its amount*. This compromise was a sacrifice of the very principle upon which a proper recovery rested. Neither the plaintiff nor the defendant had the fair judgment of the whole jury upon all the issues." (Our italics.) To the same effect, see *Stetson* v. *Stindt* (1922), 279 Fed. 209, 23 A. L. R. 302, and note p. 305; *Perdue* v. *Bailey* (1874), 53 Ga. 33; *Farley, Norris & Co.* v. *Budd* (1862), 14 Iowa 289; *Bigelow* v. *Garwitz* (1891), 61 Hun. 624, 15 N. Y. Supp. 940.

Appellants, under their motion for a new trial, say: (1) The verdict is not sustained by sufficient evidence; and (2) the verdict is contrary to law. Appellee argues that such an assignment presents no question in relation to the amount of recovery, and says that, in order to present any question as to the amount of recovery, the error that the amount was too large or too small must be assigned as one of the grounds for a new trial as provided for in clause 5, §610 Burns 1926. The question as to the amount plaintiff was entitled to recover if entitled to recover at all was, as stated above, a question of law. *Kingan & Co.* v. *Orem, supra*. The instruction of the court being the law of the case, it follows that if the verdict was not in conformity with the instruction, it is contrary to law. The error is properly before the court by virtue of the

error assigned. See *Atkinson, Admr.*, v. *Indiana, etc., Ins. Co.* (1924), 194 Ind. 563, 143 N. E. 629, Id., 76 Ind. App. 344, 132 N. E. 264.

It is contended by appellee that appellants (defendants) cannot complain that appellee (plaintiff) recovered judgment for a less amount than she was entitled to, if entitled to recover anything at all, and she says, that if an error was committed, the error would not be prejudicial to the defendants, and, in support of this contention, cites *Fischer* v. *Holmes* (1890), 123 Ind. 525, 526, 24 N. E. 377, and *Evans* v. *Koons* (1894), 10 Ind. App. 603, 604, 38 N. E. 350, but it is to be noted that there was no instruction involved in either of those cases, and, for that reason, neither is controlling in the instant case. As was said in *Stetson* v. *Stindt, supra:* "It is not sufficient to say that the defendant cannot complain because he was not injured. He was injured by being deprived of the right of a litigant to have the jury determine his liability under the law as laid down by the court. That liability might be for more than the jury found; yet it might be for nothing." So, also, in the case before us, appellants were entitled to have the jury determine their liability under the law as laid down by the court in the instruction quoted, *supra*. This right they have been denied, and appellants were thereby injured, even though that liability might be for more than the verdict, yet it might be for nothing.

The court having correctly instructed the jury upon the amount appellee was entitled to recover if entitled to recover at all, the instruction became the law of the case upon the amount of recovery. Since the amount of recovery, under the instruction given in this case, was capable of exact measurement, and, under the instruction, a verdict for appellee should have been for $4,000, plus interest, or nothing, a verdict for

$2,000 was the result of a total disregard of the instruction and directly contrary thereto. We hold that such a verdict is contrary to law.

Judgment reversed, with directions to sustain appellant's motion for a new trial and for further proceedings consistent with this opinion.